UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER | : | |
| SNODGRASS PUBLISHING GROUP | : | |
| *also known as* | : | **CIVIL ACTION NO.** |
| RAY GORDON, CREATOR OF THE | : | **08-00829-JCJ** |
| PIVOT | : | |
| *also known as* | : | |
| RAY GORDON | : | |
|       **Plaintiff** | : | |
| | : | |
|       **vs.** | : | |
| | : | |
| SAMUEL H. SLOAN; | : | |
| WILLIAM GOICHBERG; | : | |
| CONTINENTAL CHESS ASSOCIATION; | : | |
| PAUL TRUONG; SUSAN POLGAR; | : | |
| SUSAN POLGAR FOUNDATION; | : | |
| UNITED STATES CHESS FEDERATION; | : | |
| JOEL CHANNING. | : | |

## MOTION OF DEFENDANTS WILLIAM GOICHBERG AND UNITED STATES CHESS FEDERATION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 4; 8; 9; 12(b)(6); AND 12(f)

NOW COME Defendants William Goichberg ("Goichberg") and United States Chess Federation ("USCF") by their attorneys Cozen O'Connor and file the within Motion to Dismiss pursuant to Fed.R..Civ.P. 4, 8, 9, 12(b)(6), and 12(f). In support of their Motion, Defendants Goichberg and USCF aver as follows:

1.    The Plaintiff filed the instant Complaint on or about February 20, 2008 alleging causes of action for defamation, tortious interference, fraudulent and negligent misrepresentation, gross and simple negligence, gender discrimination under Title VII and the PHRA, public – interest PHRA violations, Lanham Act violations, civil conspiracy and RICO conspiracy. (See Plaintiff's Complaint attached as Exhibit "1.")

2.    Plaintiff seeks monetary damages and injunctive relief.

3.    Although the Complaint is voluminous (50 pages and 167 paragraphs), the thrust of Plaintiff's claims arises from postings on an internet website not controlled by the Defendants. (Plaintiff's Complaint at paragraphs 30, 31.)

4.    At no time relevant to the instant action was Plaintiff a member of the Defendant United States Chess Federation as noted by the absence of this factual pleading in the Complaint.

5.    William Goichberg is the President of the Board of Directors of United States Chess Federation (hereinafter cited as USCF).  (Plaintiff's Complaint at paragraph 3.)

6.    United States Chess Federation is an Illinois, non-profit corporation headquartered in Crossville, Tennessee.  (Plaintiff's Complaint at paragraph 6.)

7.    Plaintiff's Complaint fails to set forth a short and plain statement of each claim as required by Fed.R.Civ.P. 8.

8.    Plaintiff's claim for fraudulent misrepresentation fails to plead with particularity the circumstances constituting fraud as required by Fed.R.Civ.P. 9.

9.    Plaintiff's Complaint fails to set forth each claim in a separate and concise count as required by Fed.R.Civ.P. 8.

10.    Plaintiff failed to properly serve Defendants Goichberg and USCF because Plaintiff served a copy of the Summons and Complaint only by Express Mail which is not a permitted means of service in accordance with Fed.R.Civ.P. 4.

11.     Each and every Count of Plaintiff's Complaint against Defendants Goichberg and USCF fail to state a claim for which relief can be granted.

12.     The Complaint contains redundant, immaterial, impertinent and scandalous matter in contravention of Fed.R.Civ.P. 12(f).

13.     Plaintiff is not entitled to injunctive relief against Defendants Goichberg and USCF because Plaintiff cannot succeed on the merits of any claim against Goichberg and USCF.

WHEREFORE, Defendants William Goichberg and United States Chess Federation respectfully request that this Honorable Court dismiss the Plaintiff's Complaint in its entirety with prejudice as to Defendants William Goichberg and United States Chess Federation and award attorneys' fees and costs.

Respectfully submitted:

Cozen O'Connor

By:  Anita B. Weinstein, Esquire
1900 Market Street
The Atrium – 5th Floor
Philadelphia, PA  19103
(215) 665-2059
aweinstein@cozen.com
Attorneys for Defendants:
William Goichberg and United States Chess
Federation

Dated:  July 21 , 2008

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER** | : | |
| **SNODGRASS PUBLISHING GROUP** | : | |
| *also known as* | : | **CIVIL ACTION NO.** |
| **RAY GORDON, CREATOR OF THE** | : | **08-00829-JCJ** |
| **PIVOT** | : | |
| *also known as* | : | |
| **RAY GORDON** | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **SAMUEL H. SLOAN;** | : | |
| **WILLIAM GOICHBERG;** | : | |
| **CONTINENTAL CHESS ASSOCIATION;** | : | |
| **PAUL TRUONG; SUSAN POLGAR;** | : | |
| **SUSAN POLGAR FOUNDATION;** | : | |
| **UNITED STATES CHESS FEDERATION;** | : | |
| **JOEL CHANNING.** | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION OF DEFENDANTS WILLIAM GOICHBERG
## AND UNITED STATES CHESS FEDERATION TO DISMISS
## PLAINTIFF'S COMPLAINT PURSUANT TO
## FED.R.CIV.P. 4; 8; 9; 12(b)(6); AND 12(f)

# TABLE OF CONTENTS

Page

I.     Statement of Facts ...................................................................................................1

II.    Plaintiff's Complaint should be dismissed for improper service. ........................1

III.   Plaintiff's Complaint should be dismissed because it fails to satisfy the
       requirements of Federal Rule of Civil Procedure 8. .............................................2

IV.    Plaintiff's Complaint should be dismissed because it violates Federal Rule of
       Civil Procedure 12(f). ...........................................................................................3

V.     Plaintiff's Complaint should be dismissed in its entirety because it fails to state a
       claim upon which relief can be granted. ...............................................................4

VI.    Plaintiff's Complaint should be dismissed for lack of standing. ..........................4

VII.   Defamation/injurious falsehood against all Defendants (Count I). ......................5

       A.    Count I should be dismissed because it fails to satisfy the pleading
             requirements of Federal Rule of Civil Procedure 8. .................................5

       B.    Plaintiff's defamation claim must be dismissed because Plaintiff fails to
             plead facts sufficient to allege the essential element of publication.........5

       C.    Plaintiff's claims for defamation and/or invasion of privacy are barred by
             the Statute of Limitations. ........................................................................8

       D.    Plaintiff's claim for trade libel/ injurious falsehood must be dismissed. ...............8

       E.    Plaintiff cannot maintain a claim for false light invasion of privacy. ......................9

VIII.  Tortious Interference Against All Defendants (Count II) ...................................10

IX.    Fraudulent/ Negligent Misrepresentation (All) (Counts III and IV) ..................12

       A.    Plaintiff's claims should be dismissed because they fail to meet the
             pleading standard of Rule 8. ...................................................................12

       B.    Plaintiff's claim for Fraudulent Misrepresentation fails as a matter of law
             because he fails to plead his allegations with specificity. ......................12

       C.    Plaintiff's claim for Negligent Misrepresentation fails because he does not
             allege facts sufficient to establish the existence of a duty. .....................13

X.     Gross and Simple Negligence Against All Defendants (Counts V and VI).......................14

A.     Counts V and VI should be dismissed because Plaintiff fails to meet the standards of pleading required by Federal Rule of Civil Procedure 8 ..................14

B.     Plaintiff's claims for negligence must be dismissed because no factual allegations exist which establish duty. ................................................................15

XI.   Counts VII-IX – Title VII and PHRA Retaliation (and "failure to hire") – should be dismissed ...............................................................................................................17

A.     Plaintiff's Title VII Retaliation Claim is Untimely ...............................17

B.     Plaintiff failed to Exhaust his PHRA Administrative Remedies ............................18

C.     Plaintiff's Title VII and PHRA Retaliation claims fail .........................................18

D.     Plaintiff's claim for common law tort of "Failure to Hire" must be dismissed. ..............................................................................................................20

XII.  Count X – Lanham Act – should be dismissed. .................................................20

XIII. Count XI – Civil Conspiracy – should be dismissed. ......................................21

XIV. Count XII – RICO Conspiracy – should be dismissed. ....................................22

A.     Plaintiff lacks Standing to bring a RICO claim ......................................................22

B.     Plaintiff's RICO Claims fail ...................................................................................23

       1.     Plaintiff has failed to allege a "Pattern of Racketeering Activity" ............24

       2.     Plaintiff has failed to properly plead a RICO Enterprise ...........................25

C.     Plaintiff has failed to properly plead claims under RICO Sections 1962(a)-(d) ..............................................................................................27

# TABLE OF AUTHORITIES

Page

CASES

*Agriss v. Roadway Express, Inc.,*
 334 Pa. Super. 295, 483 A.2d 456 (1984) ....................................................................9

*Alvarez v. Ins. Co. of N. America,*
 2008 U.S. App. LEXIS 5182 (3d Cir. Mar. 11, 2008) (attached as Exhibit 8) ....................13

*AT & T Co. v. Winback & Conserve Program, Inc.,*
 42 F.3d 1421 (3d Cir. 1994) .......................................................................................21

*Banks v. Wolk,*
 918 F.2d 418 (3d Cir. 1990) .......................................................................................28

*Bell v. Irace,*
 422 Pa. Super. 298, 619 A.2d 365 (1993) ...................................................................16

*Bilt-Rite Contractors, Inc. v. The Architectural Studio,*
 581 Pa. 454, 866 A.2d 270 (2005)........................................................................14, 15

*Birl v. Philadelphia Electric Co.,*
 402 Pa. 297, 167 A.2d 472 (1960)..............................................................................11

*Bortz v. Noon,*
 556 Pa. 489, 729 A.2d 555 (1999)..............................................................................14

*Brezenski v. World Truck Transfer, Inc.,*
 2000 Pa. Super. 175, 755 A. 2d 36 (2000) .............................................................15-16

*Burlington Northern & Santa Fe Railway Co. v. White,*
 548 U.S. 53 (2006) ....................................................................................................19

*Dianese, Inc. v. Pennsylvania,*
 No. 01-2520, 2002 U.S. Dist. LEXIS 10917 (E.D. Pa. 2002)................................27

*Douris v. County of Bucks,*
 No. 99-3357, 2001 U.S. Dist. LEXIS 9282 (E.D. Pa. July 3, 2001) ........................18

*Fennell v. Nationwide Mut. Fire Ins.,*
 412 Pa. Super. 534, 603 A.2d 1064 (1992) ...............................................................15

*Floyd v. Brown & Williamson Tobacco Corp.,*
 159 F.Supp. 2d 823 (E.D. Pa. 2001)......................................................................16, 17

*Geyer v. Steinbronn,*
    351 Pa. Super. 536, 506 A.2d 901 (1986) ............................................................6

*Green v. Humphrey Elevator & Truck Co. & Maintenance Co.,*
    816 F.2d 877 (3d Cir. 1987) ............................................................................2

*H.J. Inc. v. Northwestern Bell Tel. Co.,*
    492 U.S. 229 (1989) ..............................................................................23, 24

*Haines v. Kerner,*
    404 U.S. 519 (1972) ....................................................................................15

*Leupold v. Galvin,*
    1988 Pa. Super. LEXIS 3834 (Dec. 22, 1988) (attached as Exhibit 2) .....................1

*Lezotte v. Allegheny Health Education and Research Foundation, et al.*
    1998 U.S. Dist. LEXIS 6119 (M.D. Pa. Dec. 9, 1999) (attached as Exhibit 5) ...................4, 7

*Lightning Lube v. Witco Corp.,*
    4 F.3d 1153 (3d Cir. 1993) ..............................................................27, 28, 29

*Lujan v. Mansmann,*
    956 F. Supp. 1218 (E.D. Pa. 1997).........................................................25, 26

*Maio v. AETNA, Inc.,*
    221 F.3d 472 (3d Cir. 2000) ..........................................................................22

*Marriott Corp. v. Alexander,*
    799 A.2d 205 (Pa. Commw. Ct. 2002) ............................................................18

*McCray v. Corry Manufacturing Company,*
    61 F.3d 224 (3d Cir. 1995) ............................................................................17

*McKeeman v. Corestates Bank, N.A.,*
    751 A.2d 655 (Pa. Super. 2000) ....................................................................21

*Melville v. American Home Assurance Co.,*
    584 F.2d 1306 (3d Cir. 1978) ..........................................................................6

*Merv Swing Agency, Inc. v. Graham Co.,*
    579 F. Supp. 429 (E.D. Pa. 1983)......................................................................8

*Michelson v. Exxon Research & Engineering, Co.,*
    629 F. Supp. 418 (W.D. Pa. 1986) ....................................................................7

*Moore v. City of Philadelphia,*
    461 F.3d 331 (3d Cir. 2006) ..........................................................................19

*Parker v Google, Inc.*,
    422 F Supp 2d 492 (E.D. Pa. 2006) *aff'd*, 242 Fed. Appx. 833 (3d Cir. 2007) *cert.*
    *denied*, 128 S. Ct. 1101 (2008) ...................................................................................passim

*Parker v. Learn the Sills Corp., et al*,
    Case No. 03-CV-06936 (E.D. Pa.) ........................................................................................2

*Parker v. Learn the Skills Corp.*,
    2004 U.S. Dist. Lexis 21499 (E.D. Pa., Oct. 25, 2004) (attached as Exhibit 4)..............3, 5, 15

*Parker v. Tilles, et al*,
    Case ID 020901068 ...............................................................................................................2

*Parker v. Univ. of Pennsylvania*,
    Case No. 02-00567 (E.D. Pa.) ...............................................................................................2

*Parker v. Wintermute*,
    Case No. 02-CV-7215 (E.D. Pa.) ...........................................................................................2

*Patel v. Himalayan International Institute of Yoga Science & Philosophy*,
    1999 U.S. Dist. LEXIS 22532 (M.D. Pa. Dec. 9, 1999) (attached as Exhibit 6) .....................7

*Pelagatti v. Cohen*,
    370 Pa. Super. 422, 536 A.2d 1337 (1988) ..........................................................................11

*Pocono International Raceway, Inc. v. Pocono Produce, Inc.*,
    503 Pa. 80, 468 A.2d 468 (1983)...........................................................................................8

*Pro Golf Manufacturing, Inc. v. Tribune Review Newspaper Co.*,
    570 Pa. 242, 809 A.2d 243 (2002).....................................................................................8, 10

*Ruffing v. 84 Lumber Co.*,
    410 Pa. Super. 459, 600 A.2d 545 (1991) *appeal denied*, 530 Pa. 666 (1992) .......................11

*Rush v. Philadelphia Newspapers, Inc.*,
    1999 Pa. Super. 141, 732 A.2d 648 (1999) .......................................................................9, 10

*Sekol v. Delsantro*,
    2000 Pa. Super. 351, 763 A.2d 405 (2000) ..........................................................................13

*Shearin v. E.F. Hutton Group, Inc.*,
    885 F.2d 1162 (3d Cir. 1989) ..............................................................................................27

*Simmons v. Galin*,
    1999 U.S. Dist. LEXIS 12881 (E.D. Pa. Aug. 24, 1999) (attached as Exhibit 7) ....................7

*Sowell v. Butcher & Singer, Inc.*,
    926 F.2d 289 (3d Cir. 1991) ................................................................................................28

*Stell v. PMC Techs., Inc.,*
   2005 U.S. Dist. LEXIS 18093 (E.D. Pa. Aug. 24, 2005) ..........................................20

*Thompson Coal Co. v. Pike Coal Co.,*
   488 Pa. 198, 412 A.2d 466 (1979)..................................................................11, 21

*Trueposition, Inc. v. Sunon, Inc.,*
   2006 U.S. Dist. LEXIS 32918 (E.D. Pa. May 23, 2006) (attached as Exhibit 9)....................13

*U.S. v. Turkette,*
   452 U.S. 576 (1981) ..............................................................................23, 25, 26

*United States v. Lockheed-Martin Corp.,*
   328 F.3d 374 (7th Cir. 2003) ..............................................................................5

*Weston v. Pennsylvania,*
   251 F.3d 420 (3d Cir. 2001) ..............................................................................18

## STATUTES

43 P.S. §951 *et. seq.*..............................................................................................19

43 P.S. § 955(d)..............................................................................................19

42 Pa.C.S. § 5323 (a) (3) ..............................................................................................2

42 Pa. C.S. § 8343 ..............................................................................................5

15 U.S.C. § 1125(a) ..............................................................................................21

18 U.S.C. §1513(e) ..............................................................................................24, 25

18 U.S.C. §1961 ..............................................................................................23

18 U.S.C. §1961(1) ..............................................................................................24

18 U.S.C. § 1961(4)..............................................................................................25

18 U.S.C. § 1962(a)-(d)..............................................................................................23, 27

18 U.S.C. §1964(c)..............................................................................................22

42 U.S.C. § 2000e-5(f)(1)..............................................................................................17

42 U.S.C. § 2000e-3(a)..............................................................................................19

21 U.S.C. § 802 ..............................................................................................24

42 Pa. C.S.A. §5523 ..............................................................................................8

42 Pa. C.S.A. §5502 ....................................................................................................................8

**OTHER AUTHORITIES**

Fed.R.Civ.P. 12(b)(6) ..................................................................................................................4

Fed.R.Civ.P. 4(h)(1)(A) .............................................................................................................1

Fed.R.Civ.P. 4(e)(1) ...................................................................................................................1

Fed.R.Civ.P. 8.....................................................................................................................passim

Fed.R.Civ.P. 9............................................................................................................................12

Fed.R.Civ.P. 12(f).....................................................................................................................3, 4

Pa.R.Civ.P. 76............................................................................................................................2

Pa.R.Civ.P. 403..........................................................................................................................1

Pa.R.Civ.P. 1019.......................................................................................................................12

Restatement (Second) Torts, § 558 ............................................................................................6

Restatement (Second) of Torts § 314 ......................................................................................16

Restatement (Second) of Torts § 320 ......................................................................................16

## I.      Statement of Facts

Plaintiff filed the instant Complaint on or about February 20, 2008 alleging causes of

action for defamation, tortious interference, fraudulent and negligent misrepresentation, gross

and simple negligence, gender discrimination under Title VII and the PHRA, public-interest

PHRA violations, Lanham Act violations, civil conspiracy and RICO conspiracy.  (See

Complaint attached as Exhibit 1.)  The Complaint is voluminous (50 pages and 167 paragraphs).

The thrust of Plaintiff's claims arise from postings on an internet website not controlled by the

Defendants.  The Complaint is tortuous, convoluted and at times incomprehensible.  Throughout

the Complaint, Plaintiff groups separate claims together without stating a short and plain

statement of each claim.  Further, the Complaint is replete with scandalous, impertinent,

irrelevant and nonsensical material including references to the "Mafia" and the "Sopranos."

Defendants William Goichberg ("Goichberg") and United States Chess Federation

("USCF") file the within Motion to Dismiss based on Fed.R.Civ.P. 4, 8, 9, 12(b)(6) and 12(f).

For the reasons set forth in this Memorandum of Law, *infra*, the Plaintiff's Complaint should be

dismissed with prejudice.

## II.     Plaintiff's Complaint should be dismissed for improper service.

Pursuant to Federal Rule of Civil Procedure 4(e)(1), a plaintiff may serve a defendant

according to state law in the state where the district court is located.  Likewise, an association

may be served according to state law.  *See* Fed.R.Civ.P. 4(h)(1)(A).

According to Pennsylvania Rule of Civil Procedure 403, a plaintiff may serve a

complaint by mail "[i]f a rule of civil procedure authorizes original process to be served by mail,

a copy of the process shall be mailed to the defendant by any form of mail *requiring a receipt*

*signed by the defendant or his authorized agent."*  Pa. R.Civ.P. 403 *(emphasis added).  See, e.g.,*

*Leupold v. Galvin*, 1988 Pa. Super. LEXIS 3834, at *4-7 (Dec. 22, 1988) (attached as Exhibit 2)

(explaining that "Pa.R.Civ.P. 76 defines 'registered mail' as either registered mail or certified mail.' This definition supports our reading of the procedures for service as not requiring restricted delivery but rather any form of mail that requires in fact a signed receipt."). Further, service on persons outside of the Commonwealth may be made by "any form of mail addressed to the person to be served and requiring a *signed receipt*." 42 Pa.C.S. § 5323 (a) (3) (2007) (*emphasis added*). The mere act of mailing is insufficient to effectuate service. *See Green v. Humphrey Elevator & Truck Co. & Maintenance Co.*, 816 F.2d 877, 880-81 (3d Cir. 1987).

Plaintiff served his Complaint on Defendants Goichberg and USCF by express mail. Express mail is essentially regular mail but purports to have a faster delivery time. (See Express Mail attached as Exhibit 3.) Plaintiff did not require Defendants to sign for this mail upon receipt.

Because Plaintiff served his Complaint by express mail without requiring a signature, service is ineffective. Courts have held that "mere mailing of the summons and complaint . . .is insufficient to effectuate service." *See Green*, supra at 880-81. Therefore, Plaintiff's Complaint should be dismissed in its entirety because service of process was defective.

## III.   Plaintiff's Complaint should be dismissed because it fails to satisfy the requirements of Federal Rule of Civil Procedure 8.

Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim." Fed.R.Civ.P. 8. This Rule also requires that each averment of a pleading be "simple, concise, and direct." *Id.* Although Plaintiff is well aware of these standards (based on the numerous vexatious lawsuits he had filed in the past), the Complaint fails to clearly and concisely state his factual allegations and legal claims.[1]

---

[1]   Plaintiff's prior litigation includes, but may not be limited to: *Parker v. Google*, supra; *Parker v. Univ. of Pennsylvania*, Case No. 02-00567 (E.D. Pa.); *Parker v. Tilles, et al*, Case ID 020901068 (First Judicial District of Pennsylvania); *Parker v. Wintermute*, Case No. 02-CV-7215 (E.D. Pa.); and *Parker v. Learn the Sills Corp., et al*, 2004 U.S. Dist. Lexis 21499 (E.D.Pa. Oct. 25, 2004).

This is not the first time Plaintiff has failed to meet the requirements under Rule 8. This Court dismissed Plaintiff's complaint in *Parker v Google, Inc.*, 422 F Supp 2d 492 (E.D. Pa. 2006) *aff'd*, 242 Fed. Appx. 833 (3d Cir. 2007) *cert. denied*, 128 S. Ct. 1101 (2008), in part, because he failed to satisfy the Rule 8 standards. Further, this Court dismissed the Complaint in *Parker v. Learn the Skills Corp.*, 2004 U.S. Dist. Lexis 21499 (E.D. Pa., October 25, 2004) (attached as Exhibit 4) for failing to satisfy Rule 8. As in the *Google* and *Learn the Skills Corp.* cases, the factual allegations in Plaintiff's Complaint are verbose, long-winded, and difficult to understand. These allegations are not simple and concise as required by Rule 8, but diffuse and convoluted.

Furthermore, Plaintiff "groups" a number of the counts in his Complaint under one heading, making it virtually impossible to identify which allegations relate to each separate count. For example, Plaintiff includes – under one heading – Counts VII-IX and three causes of action under Count I.[2] This "grouping" fails to present a "short and plain statement" of Plaintiff's claims.

Because Plaintiff has completely failed to comply with the Rule 8 requirements, the Complaint should be dismissed.

**IV.    Plaintiff's Complaint should be dismissed because it violates Federal Rule of Civil Procedure 12(f).**

Plaintiff's Complaint is replete with redundant, immaterial, impertinent and scandalous matter in contravention of Fed.R.Civ.P. 12(f). For example, Plaintiff compares the Defendants and others to characters from the Soprano television series. (See Plaintiff's Complaint at paragraph 155.) Further, Plaintiff refers to Defendant Goichberg and others as the "Goichberg Mafia." (See, e.g., paragraph 76 of Plaintiff's Complaint.) He refers to Defendants Truong and Polgar as the House of Truong. (See, e.g., paragraph 25 of Plaintiff's Complaint.)

---

[2]    Plaintiff also mixes together Counts III-IV and V-VI of his Complaint.

Because the Complaint so egregiously violates Fed.R.Civ.P. 12(f) it should be dismissed in its entirety.

**V.      Plaintiff's Complaint should be dismissed in its entirety because it fails to state a claim upon which relief can be granted.**

Fed.R.Civ.P. 12(b)(6) provides for the filing of a Motion if the Complaint fails to state a claim upon which relief can be granted. As set forth in this Memorandum of Law, *infra*, Counts I through XII of Plaintiff's Complaint fail to state a claim upon which relief can be granted.

A Complaint may be dismissed under Fed.R.Civ.P. 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Lezotte v. Allegheny Health Education and Research Foundation, et al.* 1998 U.S. Dist. LEXIS 6119, at *2 (M.D. Pa. Dec. 9, 1999) (attached as Exhibit 5), *citing Hishon v. King & Spalding, 467 U.S. 69 (1984).*

"All allegations in the Complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party." *Lezotte v. Allegheny Health Education and Research Foundation,* supra at 2, *citing Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987). The Motion to Dismiss tests the sufficiency of the Complaint. *Parker v. Google,* supra (citations omitted).

In the instant case, Plaintiff's Complaint should be dismissed in its entirety with prejudice for failing to state claims for which relief can be granted.

**VI.      Plaintiff's Complaint should be dismissed for lack of standing.**

Throughout the voluminous paragraphs of this Complaint, Plaintiff fails to allege the basis on which the Plaintiff has standing to bring any claims against Defendants Goichberg and USCF. Plaintiff makes no claim that he was a member of USCF at any time relevant to this lawsuit. Further, Plaintiff makes no claim that Defendants Goichberg or USCF were his employer or that he ever applied for a job - requirements of claims under Title VII and the

4

PHRA. Rather, Plaintiff takes it upon himself to file claims to which he is not entitled because he has alleged no relationship to the Defendants. As set forth more definitively in this Memorandum of Law, *infra*, the Plaintiff lacks standing to bring the claims set forth in the Complaint.

**VII.    Defamation/injurious falsehood against all Defendants (Count I).**

      **A.    Count I should be dismissed because it fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8.**

      Plaintiff's defamation claim should be dismissed under Rule 8 (a) for failure to state a claim using a short and plain statement. As stated previously in this Memorandum of Law, *supra*, Rule 8 (a) requires parties to make their pleadings straightforward. *See, e.g., United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The purpose of Rule 8 is "to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Parker v. Learn the Skills Corp.*, 2004 U.S. Dist. LEXIS 21499 (E.D. Pa. Oct. 25, 2004) (attached as Exhibit 4) (citations omitted).

      Plaintiff asserts three separate counts under the single heading "Defamation/Injurious Falsehood Against All Defendants." This not only violates Rule 8 but precludes Defendants USCF and Goichberg from filing a meaningful response to Count I. As such, Count I of Plaintiff's Complaint violates the requirements of Rule 8 and must be dismissed.

      **B.    Plaintiff's defamation claim must be dismissed because Plaintiff fails to plead facts sufficient to allege the essential element of publication.**

      Plaintiff cannot maintain a claim for defamation because he fails to allege publication on the part of Defendants Goichberg and USCF. In an action for defamation, Plaintiff has the burden of proving: 1) a false and defamatory statement concerning another; 2) an unprivileged publication to a third party; 3) fault amounting at least to negligence on the part of the publisher; and; 4) the existence of special harm caused by the publication. *See* 42 Pa. C.S. § 8343 (2007);

Restatement (Second) Torts, § 558 (1977); *see also Geyer v. Steinbronn*, 351 Pa. Super. 536, 552, 506 A.2d 901, 910 (1986).[3]  Plaintiff also seeks to hold Defendants liable for defamation based on the comments of third parties who have posted messages on the USENET. Significantly, Plaintiff does not allege that USCF or Goichberg made defamatory statements regarding Plaintiff.  Publication is an essential element of a defamation claim.  Without alleged publication by Defendants, Plaintiff cannot maintain a claim for defamation.

Defendants USCF and Goichberg cannot be responsible for the posted messages on the USENET, an independent website, where third parties were publishing the messages complained of by Plaintiff.  (Complaint at ¶¶ 30, 31.)  Further, Defendants have no control over the content of the postings because the USENET is a worldwide community of electronic services that is closely associated with the Internet.  Indeed, Plaintiff avers in his Complaint that "it is impossible to censor USENET . . . chess politicos . . . cannot control its discussions or flow of information."  (Complaint at ¶ 31).  As such, Plaintiff concedes that Defendants are not responsible for the content of USENET.  Consequently, without alleged publications by Defendants, Plaintiff's claim fails as a matter of law.

In his Complaint, Plaintiff alleges without basis that all Defendants are liable as "principals or conspirators" for the defamatory postings.  (Complaint at ¶ 103).  Even *assuming arguendo*, that Defendant Paul Truong was in fact impersonating Plaintiff on the USENET as alleged, Defendants USCF and Goichberg cannot be held liable for Defendant Truong's conduct. "An agent is acting within the scope of his agency if such act is intended to be in furtherance of

---

[3]      For purposes of this Memorandum of Law Defendants applied Pennsylvania law to Plaintiff's common law claims because Plaintiff is a Pennsylvania resident and Defendant USCF has minimum contacts in Pennsylvania.  As such, Pennsylvania has the most significant relationship to the dispute.  *See, e.g., Melville v. American Home Assurance Co.*, 584 F.2d 1306 (3d Cir. 1978) (applying Pennsylvania law to common law tort claims because Pennsylvania employs a choice-of-law analysis which combines the "most significant relationship" test espoused in the Restatement (Second) of Conflicts and the "interest analysis" approach).

the principal's interests, activities, or business, or is designed to accomplish the purpose of the agency." *Patel v. Himalayan International Institute of Yoga Science & Philosophy*, 1999 U.S. Dist. LEXIS 22532, at \*25 (M.D. Pa. Dec. 9, 1999) (attached as Exhibit 6). An agent is not within the scope of his agency, however, when he "substantially deviates from the business or service of his principal, pursuing some personal activity on his own account . . . and not directed towards advancing his principal's interests." *Id.*; *see also Lezotte v. Allegheny Health Educ. and Research Foundation*, supra at \*14-15 (attached as Exhibit 5) ("If the facts alleged fail to support a reasonable inference that the servant was acting in furtherance of his employer's business, the servant's conduct falls outside of the scope of employment as a matter of law."). To state a claim based on agency, the plaintiff must allege facts that, if proved, would establish that the alleged agent had express, implied, or apparent authority to act on behalf of the principal. *See Simmons v. Galin*, 1999 U.S. Dist. LEXIS 12881, at \*6-7 (E.D. Pa. Aug. 24, 1999) (attached as Exhibit 7) (finding plaintiff failed to state a claim for vicarious liability because the complaint was devoid of allegations that defendant authorized conduct); *see also Michelson v. Exxon Research & Engineering, Co.*, 629 F. Supp. 418, 422 (W.D. Pa. 1986) ("if an agent is guilty of defamation, the principal is liable so long as the agent was apparently authorized to make the defamatory statement") (citations omitted).

Although Defendant Truong is a Board Member of Defendant USCF, the conduct alleged by Plaintiff is outside the scope of Defendant Truong's duties as a board member. Specifically, Defendant Truong's alleged actions were not in furtherance of USCF's interests or business, and have no connection with his duties as a board member. In fact, Plaintiff alleges that the defamatory statements were meant to harm USCF. (Complaint at ¶ 100). As pled, Defendant Truong's alleged actions were directly adverse to the USCF. Such actions, if proven, were beyond the scope of Defendant Truong's agency. Thus, Plaintiff's allegation that Defendant

USCF be held liable as a principal is nonsensical. Consequently, Plaintiff's claim for defamation must be dismissed.

C.   **Plaintiff's claims for defamation and/or invasion of privacy are barred by the Statute of Limitations.**

Under Pennsylvania Law, actions and proceedings for libel, slander or invasion of privacy must be commenced within one year. 42 Pa. C.S.A. §5523. The one year period is computed from the time the cause of action accrues. 42 Pa. C.S.A. §5502. A cause of action generally accrues as soon as the right to institute and maintain the suit arises. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983). The one year Statute of Limitations commenced to run upon the publication of the defamatory statement. *Merv Swing Agency, Inc. v. Graham Co.*, 579 F. Supp. 429 (E.D. Pa. 1983). Plaintiff alleges that the first defamatory statement occurred on or about March 17, 2006. (Complaint at ¶ 45). Accordingly, any actions for defamation or invasion of privacy must be based on events within one year prior to the date the Complaint was filed, or February 20, 2008.

D.   **Plaintiff's claim for trade libel/ injurious falsehood must be dismissed.**

Plaintiff asserts that Defendants have committed trade libel. (Complaint at ¶ 104.) Trade libel (also known as injurious falsehood) is the publication of a disparaging statement concerning the business of another. Trade libel is actionable where: (1) the statement is false; (2) the publisher either intends the publication to cause pecuniary loss or reasonably should recognize that publication will result in pecuniary loss; (3) pecuniary loss does in fact result; and (4) the publisher either knows that the statement is false or acts in reckless disregard of its truth or falsity. *See Pro Golf Manufacturing, Inc. v. Tribune Review Newspaper Co.*, 570 Pa. 242, 246, 809 A.2d 243, 246 (Pa. 2002). In an action for trade libel, a Plaintiff must also allege a false publication and special damages. *See Pro Golf Manufacturing, Inc.*, 570 Pa. at 246, 809 A.2d at 246.

Plaintiff has not alleged any of the elements of trade libel. He simply lists the action within the framework of his defamation claim. Significantly, Plaintiff fails to allege that Defendants USCF and Goichberg actually publicized any statements regarding Plaintiff's business. As such, Plaintiff's claim for trade libel must fail.

Moreover, Plaintiff has not alleged any special damages in the Complaint. Pennsylvania courts narrowly interpret the requirement of special damages. "It is seen as a complete bar to relief in defamation if the plaintiff fails to prove that reputational injury has caused concrete economic loss computable in dollars." *Agriss v. Roadway Express, Inc.*, 334 Pa. Super. 295, 328, 483 A.2d 456, 473 (1984). Courts define special harm as "harm of a material and generally of a pecuniary nature . . . result[ing] from conduct of a person other than the defamer or the one defamed which conduct is itself the result of the publication or repetition of the slander." *See Agriss, supra* at 320, 469.

In his Complaint, Plaintiff merely states that he has suffered "special economic harm . . . in the form of lost chess-related income, lost seduction related income . . .and other pecuniary harm." (Complaint at ¶ 100). Plaintiff fails to allege concrete economic damages. Even if Plaintiff could prove that his reputation is soiled, this is not sufficient under Pennsylvania law to permit the Plaintiff to assert a claim for trade libel. As such, Plaintiff's claim for trade libel must be dismissed.

**E.    Plaintiff cannot maintain a claim for false light invasion of privacy.**

To the extent that it is decipherable, Plaintiff attempts to assert a claim for false light invasion of privacy. The tort of false light invasion of privacy is defined under Pennsylvania law as one who gives publicity to a matter concerning the private life of another if the matter publicized is of a kind that would be highly offensive to a reasonable person and is not of legitimate public concern. *See, e.g., Rush v. Philadelphia Newspapers, Inc.*, 1999 Pa. Super.

141, at *p12, 732 A.2d 648, 653 (1999). "A cause of action for invasion of privacy will be found where a major misrepresentation of a person's character, history, activities or beliefs is made that could reasonably be expected to cause a reasonable man to take serious offense." *Id.* (citations omitted).

The tort of invasion of privacy primarily protects a plaintiff's interest in keeping private matters from public view. "In the 'right of privacy' cases, the primary damage is the mental distress from having been exposed to public view, although injury to reputation may be an element bearing upon such damage." *See Pro Golf Manufacturing, Inc., supra* at 247-48 (*citing Time, Inc. v. Hill*, 385 U.S. 374, 387 n.9 (1967)).

Plaintiff again fails to plead the essential element of publication as to Defendants USCF and Goichberg. Because the tort requires Defendants to "give publicity" to a matter concerning the private life of Plaintiff, this claim requires that Defendants be "publishers" of information. Plaintiff fails to allege that Defendants USCF and Goichberg publicized information regarding Plaintiff's private life. As such, Plaintiff cannot maintain a claim for false light invasion of privacy, and likewise this claim must be dismissed.

## VIII.   Tortious Interference Against All Defendants (Count II)

Plaintiff has failed to set forth any of the elements of a tortious interference claim. To set forth a legally sufficient cause of action for intentional interference with contractual or prospective contractual relations, four elements must be pled:

> (1)    the existence of a contractual, or prospective contractual relation between the complainant and a third party;

> (2)    purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring;

> (3)    the absence of privilege or justification on the part of the defendant; and

10

(4)    the occasioning of actual legal damage as a result of
the defendant's conduct.

*See Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 208, 412 A.2d 466 (1979); *Birl v. Philadelphia Electric Co.*, 402 Pa. 297, 299, 167 A.2d 472, 474 (1960).

First, Plaintiff has failed to identify a single contractual relationship or prospective contractual relationship that existed between Plaintiff and a third party. Plaintiff cannot simply make vague allegations in order to satisfy the requirement that he identify with some specificity an existing contract or prospective contract with which any defendant interfered. *See Thompson Coal Co.*, supra at 209-10, 471-72.

Next, Plaintiff has not alleged any facts which support a claim that any of the Defendants intended to harm the Plaintiff's contractual relations. In *Ruffing v. 84 Lumber Co.*, 410 Pa. Super. 459, 469 (1991), 600 A.2d 545, 549-50, *appeal denied*, 530 Pa. 666 (1992), the Court opined that the harm intended must be directed at the business of the victim. Plaintiff must allege something more than disdain to establish the second prong of a tortious interference claim.

Finally, Plaintiff has not alleged facts to support any actual legal damage. Mere injury to reputation or good will is insufficient damage upon which to base a claim for intentional interference with contract. *See Pelagatti v. Cohen*, 370 Pa. Super. 422, 435-36, 536 A.2d 1337, 1343-44 (1988). Consequently, Plaintiff cannot rely on the assertion that his reputation has been damaged. He must set forth in concrete terms how he has lost money or sustained actual damages.

Plaintiff fails to state a claim for tortious interference. Accordingly, this claim must be dismissed in its entirety.

11

IX.    **Fraudulent/ Negligent Misrepresentation (All) (Counts III and IV)**

   A.    **Plaintiff's claims should be dismissed because they fail to meet the pleading standard of Rule 8.**

Plaintiff's claim for negligent misrepresentation should be dismissed because Plaintiff

fails to plead this tort with the minimal specificity required by Rule 8.  *See* Fed.R.Civ.P. 8 and

this Memorandum, *supra*.  Plaintiff interweaves his claim for negligent misrepresentation within

the framework of his fraudulent misrepresentation claim.  (Complaint at ¶¶ 119, 120).  Further,

Plaintiff's negligent misrepresentation claim is stated in a convoluted manner and fails to allege

any facts that support his claim.  (Complaint at ¶ 119).

For example, Plaintiff contradicts himself throughout the Complaint.  Plaintiff claims that

Defendant Channing was negligent because he "was 'sitting on the truth' the entire time . . . in

the form of IP evidence that would later form the basis of the Mottershead Report."  (Complaint

at ¶ 119).  Plaintiff admits, however, that the "anonymous-remailer messages are untraceable."

(Complaint at ¶ 44).  Further, Plaintiff claims that Brian Mottershead released the Mottershead

Report on approximately October 6, 2007.  (Complaint at ¶ 30).  Thus, Plaintiff concedes that the

Mottershead Report was published more than a year after his 2006 email exchange with

Defendant Channing.  Based on Plaintiff's allegations, it would have been impossible for

Defendant Channing to know the conclusions of the report before the investigation results were

released by Mr. Mottershead.

As such, Plaintiff's claim for negligent misrepresentation as plead is confusing and

unintelligible and must be dismissed for failing to meet the pleading requirements under Rule 8.

   B.    **Plaintiff's claim for Fraudulent Misrepresentation fails as a matter of law because he fails to plead his allegations with specificity.**

Both Pennsylvania and federal law require that a Plaintiff plead allegations of fraud with

specificity.  Pursuant to Federal Rule of Civil Procedure 9, a party alleging fraud "must state

with particularity the circumstances constituting fraud."  *See also* P.R.C.P. 1019.  Allegations in

12

the form of conclusions or impermissible speculation as to the existence of fraud are insufficient to meet the pleading requirements of fraud. *See Alvarez v. Ins. Co. of N. America*, 2008 U.S. App. LEXIS 5182, at *6 (3d Cir. Mar. 11, 2008) (attached as Exhibit 8).

In order to set forth a claim for fraudulent misrepresentation, the party alleging fraud must prove, by clear and convincing evidence: (1) a misrepresentation; (2) a fraudulent utterance; (3) an intention by the maker that the recipient will thereby be induced to act; (4) justifiable reliance by the recipient upon the misrepresentation; and (5) damage to the recipient as a proximate result. *See, e.g., Sekol v. Delsantro*, 2000 Pa. Super. 351, 763 A.2d 405 (2000).

Plaintiff fails to plead the claim of fraudulent misrepresentation with the required degree of specificity. Significantly, Plaintiff fails to point to any fraudulent statements made by Defendants USCF and Goichberg. Plaintiff alleges that "all representations made to him by e-mail from Joel Channing, from February 22, 2006 through October 6, 2006, were materially false, factually inaccurate, concealed vital information, and were made with the intent to deceive Plaintiff, and were made while Defendant Channing withheld knowledge . . . ." (Complaint at ¶ 114). Plaintiff does not, however, specify the circumstances constituting fraud. Plaintiff's accusations that Defendant Channing "not only knew or should have known" the imposter's identity but "directed the conduct himself" are completely baseless and not directed to Movants, USCF and Goichberg.

The facts as plead are insufficient to meet the pleading requirements for fraudulent misrepresentation, and as such, these counts must be dismissed.

### C.   Plaintiff's claim for Negligent Misrepresentation fails because he does not allege facts sufficient to establish the existence of a duty.

Plaintiff's claim for negligent misrepresentation as to Defendants USCF and Goichberg fails because Plaintiff does not allege the existence of a duty. Negligent misrepresentation has essentially the same elements as fraudulent misrepresentation but with a lesser scienter

13

requirement. *See Trueposition, Inc. v. Sunon, Inc.*, 2006 U.S. Dist. LEXIS 32918, at *14 (E.D. Pa. May 23, 2006) (attached as Exhibit 9). Negligent misrepresentation requires proof of: (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter should have known the falsity; (3) with the intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation. *See Bortz v. Noon*, 556 Pa. 489, 500-01, 729 A.2d 555, 560-61 (Pa. 1999). The misrepresentation must concern a material fact and the speaker need not know his/her words are untrue, but must have failed to make a reasonable investigation of the truth. *See id.* at 501.

Significantly, like any action in negligence, to state a claim for negligent misrepresentation, there must be an existence of a duty owed by one party to another. *Id.* It is well established that, "[a] cause of action in negligence requires allegations that establish the breach of a legally recognized duty or obligation that is causally connected to the damages suffered by the complainant." *See Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 470, 866 A.2d 270, 280 (Pa. 2005) (citations omitted). Here, Plaintiff has pled no special relationship to Defendants which would impose a duty on Defendants USCF and Goichberg to investigate the truth of Defendant Channing's statements.

Because Plaintiff has not averred facts sufficient to establish the existence of a duty on behalf of USCF and Goichberg, his claim for negligent misrepresentation fails as a matter of law.

## X.   Gross and Simple Negligence Against All Defendants (Counts V and VI)

### A.   Counts V and VI should be dismissed because Plaintiff fails to meet the standards of pleading required by Federal Rule of Civil Procedure 8.

As an initial matter, Plaintiff's negligence claims fail and should be dismissed because they violate the pleading requirements of Rule 8. Plaintiff's claims are incomprehensible and fail to give Defendants fair notice of the claims. For example, Plaintiff uses confusing cross-references to other counts rather than plainly stating his claims against Defendants. (*See, e.g.,*

Complaint at ¶¶ 126, 128). Although *pro se* complaints are held to a less stringent standard than those drafted by legal counsel, courts should dismiss such complaints if they are so confusing or unintelligible that a party could not understand or reply to it. *See Parker v. Learn the Skills Corp.*, 2004 U.S. Dist. LEXIS 21499 (E.D. Pa. Oct. 25, 2004) (attached as Exhibit 4); *see also Haines v. Kerner*, 404 U.S. 519 (1972) (dismissing the complaint and concluding that "the pleading (was) a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies. . . . (containing) an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments").

**B.     Plaintiff's claims for negligence must be dismissed because no factual allegations exist which establish duty.**

Plaintiff's negligence claim is premised on the theory that Defendants USCF and Goichberg failed to protect him from the allegedly harmful speech of others.  Pennsylvania courts have set forth the basic elements of a negligence claim as follows: (1) a duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a failure on [the actor's] part to conform to the standard required; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. *See Fennell v. Nationwide Mut. Fire Ins.*, 412 Pa. Super. 534, 539, 603 A.2d 1064, 1066-67 (1992). "The primary element in any negligence cause of action is that the defendant owes a duty of care to the plaintiff." *See Bilt-Rite Contractors, Inc.*, *supra* at 470, 280.

Under Pennsylvania law, "there is no duty to control conduct of a third party to protect another from harm, except where defendant stands in some special relationship with either the person whose conduct needs to be controlled or in a relationship with intended victim of the

conduct, which gives [the] intended victim a right to protection." *See Brezenski v. World Truck Transfer, Inc.*, 2000 Pa. Super. 175, at *p11, 755 A. 2d 36, 40 (2000) (explaining that special relationships exist which give rise to a duty to aid or protect in **limited** circumstances such as: 1) between common carriers and passengers; 2) innkeepers and their guests; 3) a possessor of land who holds it open to the public and the public; and 4) custodial relationships) (emphasis added); *see also* Restatement (Second) of Torts §§ 314, 320.

Here, Plaintiff fails to allege how Defendants had a duty to investigate Plaintiff's claim that he had been impersonated on the USENET. No special relationship exists between Defendants and Plaintiff. In his Complaint, Plaintiff vaguely references that "Defendants . . . ignored their legal duty to Plaintiff . . . to investigate the claims made by Defendant Sloan regarding the imposter." (Complaint at ¶ 125). Plaintiff glosses over the issue of how Defendants Goichberg and USCF owed a duty **TO HIM** to investigate Defendant Sloan's claims.

It is worth noting, that even if Plaintiff pled facts sufficient to establish the existence of a duty, the causal link between Plaintiff's averments and his injuries is too attenuated to satisfy the requirements of proximate causation. To state a claim for negligence, Plaintiff must show that Defendants USCF's and Goichberg's conduct was both a cause-in-fact and a proximate cause of his injuries. According to Pennsylvania law, a court must "evaluate the alleged facts and refuse to find an actor's conduct the legal cause of harm when 'it appears to the court highly extraordinary that [the actor's conduct] should have brought about the harm.'" *See Bell v. Irace*, 422 Pa. Super. 298, 619 A.2d 365, 367 (1993) (citations omitted). The connection between Plaintiff's injuries and Defendants' failure to investigate the claims made by Defendant Sloan is too remote and insubstantial to constitute proximate cause.

Further, Plaintiff pleads both simple negligence and gross negligence claims. Under Pennsylvania law, degrees of negligence are not recognized as separate claims. *See Floyd v. Brown & Williamson Tobacco Corp.*, 159 F.Supp. 2d 823 (E.D. Pa. 2001) *(citing Ferrick Excavating & Grading Co. v. Senger Trucking Co.*, 506 Pa. 181, 191, 484 A.2d 744, 749 (1984)). Courts construe the term "gross negligence" as a standard of care, rather than a separate claim. *Id.* Therefore, Plaintiff's separate claim for gross negligence must be dismissed.

In short, Plaintiff fails to aver the elements necessary to establish the existence of a duty on the part of Defendants USCF and Goichberg, and as such, his negligence claims must be dismissed.

## XI.   Counts VII-IX – Title VII and PHRA Retaliation (and "failure to hire") – should be dismissed.

Grouped together under one heading in violation of Fed.R.Civ.P. 8, Counts VII-IX of Plaintiff's Complaint apparently allege retaliation under Title VII and the PHRA. One of the allegations under this heading also references the tort of "failure to hire" under Pennsylvania common law. As explained below, Plaintiff's retaliation and common law "failure to hire" claims must be dismissed.

### A.   Plaintiff's Title VII Retaliation Claim is Untimely

As a prerequisite to filing suit under Title VII, Plaintiff was required to first file a charge of discrimination with the EEOC and receive a notice of right to sue letter from that agency. Plaintiff then had 90 days in which to commence a civil action after receipt of this notice. *See* 42 U.S.C. § 2000e-5(f)(1). This 90-day filing period acts as a statute of limitations. *McCray v. Corry Manufacturing Company*, 61 F.3d 224 (3d Cir. 1995).

As Plaintiff admits in his Complaint, he was issued a right to sue letter on either May 29 or June 14, 2007. (Complaint, ¶70.) Plaintiff did not file his Complaint in the instant matter, however, until on or about February 20, 2008. Thus, using either the May 29 or June 14, 2007

17

dates, Plaintiff failed to timely file this lawsuit within 90 days after he received his right to sue letter. Therefore, Plaintiff's Title VII retaliation claim is untimely and must be dismissed.

**B.     Plaintiff failed to Exhaust his PHRA Administrative Remedies**

Under the PHRA, "failure to exhaust administrative remedies . . . precludes this Court from exercising jurisdiction over a claim for violation of the PHRA." *Douris v. County of Bucks*, No. 99-3357, 2001 U.S. Dist. LEXIS 9282, *24 (E.D. Pa. July 3, 2001) (citing *Parsons v. Phila. Coordinating Office of Drug & Alcohol Abuse Programs*, 833 F. Supp. 1108, 1112 (E.D. Pa. 1993)). *See also Marriott Corp. v. Alexander*, 799 A.2d 205 (Pa. Commw. Ct. 2002) (Employee is required to exhaust administrative remedies available through the Philadelphia or Pennsylvania Commission before filing a civil action under the Philadelphia Ordinance). Plaintiff admits that the Pennsylvania Human Relations Commission (and Philadelphia Commission on Human Relations) refused his charges of discrimination. (Complaint, ¶132.) Since Plaintiff failed to exhaust the administrative remedies under the PHRA, his PHRA retaliation claim must be dismissed.

**C.     Plaintiff's Title VII and PHRA Retaliation claims fail[4]**

Even if the Court concludes that Plaintiff's Title VII and PHRA claims are properly before it (although it should not), these claims must be dismissed as a matter of law. The requirements for establishing a prima facie case of retaliation under Title VII are well established.[5] Plaintiff must show: (i) that he engaged in protected activity, (ii) that an employer

---

[4]     The PHRA is generally interpreted in accordance with Title VII. *See  Weston v. Pennsylvania*, 251 F.3d 420, 425 n.3 (3d Cir. 2001) ("The proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably.").

[5]     The retaliation provision of Title VII states:

> (a) Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings. It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment

took an adverse action against him,[6] and (iii) that a causal link exists between the protected

activity and the adverse action. *Moore v. City of Philadelphia,* 461 F.3d 331, 340-341 (3d Cir.

2006). Plaintiff has failed to plead <u>any</u> of these elements.

    *First,* Plaintiff's Complaint does not identify or specify the type of "protected activity" he

was engaged in. For this reason alone, Plaintiff's Title VII and PHRA retaliation claims fail.

    *Second,* Plaintiff has not alleged that he was employed by or applied for employment

with Defendant USCF. Thus, he cannot demonstrate that USCF – the only potential Title VII

"employer" – took any adverse action against him.[7]

---

    agency, or joint labor-management committee controlling
apprenticeship or other training or retraining, including on-the-job
training programs, to discriminate against any individual, or for a
labor organization to discriminate against any member thereof or
applicant for membership, because he has opposed any practice
made an unlawful employment practice by this title [42 USCS §§
2000e-2000e-17], or because he has made a charge, testified,
assisted, or participated in any manner in an investigation,
proceeding, or hearing under this title [42 USCS §§ 2000e-2000e-
17].

42 U.S.C.S § 2000e-3(a). Retaliation under the PHRA similarly states that it is improper:

    For any person, employer, employment agency or labor
organization to discriminate in any manner against any individual
because such individual has opposed any practice forbidden by this
act, or because such individual has made a charge, testified or
assisted, in any manner, in any investigation, proceeding or hearing
under this act.

43 P.S. § 955(d).
[6]    To establish that he suffered an adverse employment action, Plaintiff must show that a
reasonable employee would have found the challenged action materially adverse to the extent
that it would dissuade a reasonable worker from making or supporting a charge of
discrimination. *Burlington Northern & Santa Fe Railway Co. v. White,* 548 U.S. 53, 68 (2006).
[7]    Moreover, Plaintiff cannot maintain a PHRA retaliation claim against USCF or
Goichberg because they are not a Pennsylvania "employer" under the statute. *See* 43 P.S. §951
*et. seq.*

*Third*, since Plaintiff failed to plead the first two elements, he is not able to establish a causal link between any protected activity and his "employer's" adverse action against him. Thus, Plaintiff cannot establish the third element of a retaliation claim.

In short, the Court should dismiss Counts VII-VIII for failure to state a claim.

**D.   Plaintiff's claim for common law tort of "Failure to Hire" must be dismissed.**

In passing reference, Plaintiff's Complaint refers to the "common law tort of failure to hire against the public interest." (Complaint, ¶137.)  Assuming for a moment that this is the ninth Count of Plaintiff's Complaint, this Count fails as a matter of law because it is undoubtedly a (common law) employment discrimination claim.  Under Pennsylvania law, an employee's sole remedy for employment discrimination is the Pennsylvania Human Relations Act.  *Stell v. PMC Techs., Inc.*, 2005 U.S. Dist. LEXIS 18093, at *5 (E.D. Pa. Aug. 24, 2005).  Nowhere in the Complaint does Plaintiff claim he even applied for employment with any defendant.  Thus, Plaintiff's common law "failure to hire" claim must be dismissed.

**XII.   Count X – Lanham Act – should be dismissed.**

Plaintiff's Lanham Act claims are completely incomprehensible in violation of Fed.R.Civ.P. 8 and must be dismissed for failure to state a legally cognizable claim.  In paragraph 148 of the Complaint, Plaintiff claims he is entitled to relief under the Act's: 1) "misleading-promotional-statement provision" and 2) "false-designation-of-origins provision."

Nowhere in the Lanham Act does there exist a "misleading-promotional-statement provision."  Therefore, this requested relief is nonsensical and must be dismissed.

With respect to Plaintiff's claim under the Act's "false-designation-of-origins provision," that claim must also be dismissed.  Plaintiff has previously filed a virtually identical claim in *Parker v. Google, Inc.*, *supra*.  In that case, Plaintiff claimed that Google republished a website called the "RayFAQ," which contained defamatory comments about him and that users looking

for Plaintiff's own website through Google's search engine would also find the "RayFAQ" website. Claiming false designation of origin under the Lanham Act, Plaintiff asserted that these users would think that Parker created the "RayFAQ" website. The court dismissed Plaintiff's claim, and the Third Circuit affirmed, stating that Plaintiff "failed to allege a likelihood of confusion . . . Therefore, his Lanham Act unfair competition claim was properly dismissed." *Parker v. Google*, 242 Fed. App. 833, 838 (3d Cir. 2007).

To state a claim under this section of the Act, 15 U.S.C. § 1125(a), Plaintiff must allege: (1) that a defendant uses a false designation of origin; (2) that such use of a false designation of origin occurs in interstate commerce in connection with goods or services; (3) that such false designation is likely to cause confusion, mistake, or deception as to the origin, sponsorship or approval of the plaintiff's goods and services by another person; and (4) that Plaintiff has been or is likely to be damaged. *See AT & T Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1428 (3d Cir. 1994). Just as in the *Google* case, Plaintiff has completely failed to allege a likelihood of confusion of his goods and services by another person. Moreover, Plaintiff has failed to aver that either Defendant USCF or Goichberg uses a false designation of origin, or that such use occurs in interstate commerce in connection with goods or services. Therefore, as with all of the Counts in Plaintiff's Complaint, Count X must be dismissed.

## XIII. Count XI – Civil Conspiracy – should be dismissed.

Civil conspiracy occurs where two or more persons combine or agree intending to commit an unlawful act or do an otherwise lawful act by unlawful means. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 211, 412 A.2d 466, 472 (1979). To state a cause of action for conspiracy, a complaint must allege the following: (1) the combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of common purpose; and (3) actual

legal damage. *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 660 (Pa. Super. 2000) (finding that plaintiff's complaint did not support an action for conspiracy). For the following reasons, Plaintiff has also failed to allege a cognizable civil conspiracy claim.

*First*, Plaintiff's Complaint does not identify the "common purpose" that Defendants Goichberg and/or USCF allegedly engaged in and/or the unlawful means they used.

*Second*, Plaintiff has failed to specify an overt act done in pursuance of any common purpose.

*Third*, Plaintiff has not alleged that he has suffered any actual legal damage from Defendants Goichberg and/or USCF's alleged misconduct.

Since Plaintiff's Complaint completely fails to state a cognizable claim for civil conspiracy, Count XI must be dismissed.

## XIV.   Count XII – RICO Conspiracy – should be dismissed.

### A.      Plaintiff lacks Standing to bring a RICO claim

A threshold issue in RICO actions is whether the plaintiff has standing to bring a claim. RICO only authorizes civil suits by a person injured in his business or property by reason of a violation of Section 1962 of the Act. 18 U.S.C. §1964(c). To meet the injury requirement, a plaintiff must allege "a <u>concrete</u> financial loss and not mere injury to a valuable intangible property interest." *Maio v. AETNA, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000) (emphasis supplied). This requirement can be satisfied by "allegations and proof of actual monetary loss, *i.e.*, an out-of-pocket loss." *Id.*

Here, Plaintiff fails to allege an actual monetary/out of pocket loss. In fact, Plaintiff merely makes the conclusory allegation that he has suffered harm in the form of "lost past, present and future income in his employment and business, normal pain and suffering [] and has effectively been blacklisted by many in power in American chess." (Complaint, ¶164.) He also

incomprehensibly claims – apparently as another form of damage – that his chess tournament career has likely suffered a fatal blow because "youth is an asset in chess." *Id.* Plaintiff avers that he coached high school chess in 1989 (Complaint at ¶ 140) and that he started working on an e-book and database in 2004 (Complaint at ¶ 142). Plaintiff does not aver that he ever earned money from chess. Since these allegations do not allege a concrete actual monetary loss, Plaintiff lacks RICO standing.

  **B. Plaintiff's RICO Claims fail**

   Even if Plaintiff has standing, his Complaint fails to state a RICO claim upon which relief can be granted. Plaintiff alleges violations of sections 1962(a)-(d) of RICO. Sections 1962(a)-(d) of RICO make it unlawful:

> (a) …for any person who has received any income…from the pattern of racketeering activity…to use or invest…such income, or the proceeds of such income, in the acquisition of any interest in, or the establishment or operation of, any enterprise….
>
> (b) …for any person through a pattern of racketeering activity…to acquire or maintain…any interest in or control of any enterprise….
>
> (c) …for any person employed by or associated with any enterprise…to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity….
>
> (d) …for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section.

18 U.S.C. § 1962(a)-(d).

   Plaintiff's RICO claims based on § 1962(a)-(c) must have two common elements: Plaintiff must allege that Defendants engaged in a "pattern of racketeering activity" and an "enterprise." *See H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 232 (1989); *U.S. v. Turkette,* 452 U.S. 576, 579 (1981). Plaintiff has failed to properly plead both a "pattern of racketeering activity" and an "enterprise." Further Plaintiff's RICO claims are violative of Fed.R.Civ.P. 8.

1.      **Plaintiff has failed to allege a "Pattern of Racketeering Activity"**

To establish a "pattern of racketeering," at least two "predicate" acts must be committed. RICO predicate acts are listed in 18 U.S.C. §1961 and include certain state law crimes and indictable federal crimes. *See* 18 U.S.C. §1961(1). To prove a pattern of racketeering activity, Plaintiff must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity. *See H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 239 (1989).

Plaintiff's alleged predicate acts include: (1) violation of Florida's criminal-libel statute; (2) violations of the Sarbanes-Oxley Act, for retaliation in the form of interference with the livelihoods of "Mr. Mottershead and Brian Lafferty" in clear violation of 18 U.S.C. §1513(e); and (3) Plaintiff's "bet" that there are predicate acts related to "the insurance scam." (Complaint, ¶¶156-158.) As stated, *infra,* these allegations do not qualify as RICO predicate acts, and Plaintiff has failed to allege that these predicate acts are related and amount to or pose a threat of continued criminal activity.

*First,* the alleged violation of Florida's criminal-libel statute is not among the type of state law crimes listed under 18 U.S.C. §1961(1). This list only includes state law crimes that involve "murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act [21 USCS § 802]), which is chargeable under State law and punishable by imprisonment for more than one year." *Id.* Since "libel" is not included in the list of prohibited state law crimes, the violation of the Florida criminal-libel statute, even if it occurred, is not a RICO predicate act.

*Second,* Plaintiff confusingly references an alleged violation of 18 U.S.C. §1513(e) based on the Sarbanes-Oxley Act. Section 1513(e) imposes criminal liability for a person who "knowingly, with the intent to retaliate, takes any action harmful to any person, including

24

interference with the lawful employment or livelihood of any person, for providing a law

enforcement officer any truthful information relating to the commission or possible commission

of any federal offense . . ." 18 U.S.C. §1513(e). Plaintiff's Complaint does not allege, nor

identify, any federal offense that has been reported to a *law enforcement officer* as required by

this statute. Further, the Complaint does not allege how any person has been harmed by the

alleged actions taken by Defendants Goichberg and USCF.[8]  Therefore, Plaintiff has failed to

allege a valid RICO predicate act.

    *Third*, Plaintiff's "bet" that there are predicate acts related to "the insurance scam" also

fails to pass muster under RICO. (Complaint, ¶158.) Obviously, Plaintiff must identify specific

predicate acts. Otherwise, Defendants are unable to formulate a defense to Plaintiff's claims.

*See Lujan v. Mansmann*, 956 F. Supp. 1218 (E.D. Pa. 1997) (noting that the plaintiff's amended

complaint lacks information needed to enable Defendants to formulate a defense to a RICO

claim).

    Finally, Plaintiff has failed to show that any of these alleged predicate acts are related,

*and* that they amount to or pose a threat of continued criminal activity. Thus, even if these three

alleged acts are proper RICO predicate acts, Plaintiff's RICO claim must be dismissed.

    In short, Plaintiff's RICO claims must be dismissed because he has failed to adequately

plead a pattern of racketeering activity.

### 2.   Plaintiff has failed to properly plead a RICO Enterprise

    Plaintiff has also not properly pled a RICO "enterprise." An enterprise can include "any

individual, partnership, corporation, association, or other legal entity, any union or group of

individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). It is a "group of

---

[8]    Plaintiff may also lack standing to allege this predicate act. He does not claim any harm under the Sarbanes-Oxley Act or 18 U.S.C. §1513(e). Rather, he alleges that Mr. Mottershead and Brian Lafferty have been retaliated against. Complaint, ¶157.

persons associated together for a common purpose of engaging in a course of conduct." *U.S. v. Turkette*, 452 U.S. at 583. A properly pled RICO count includes enterprise descriptions that contain inter alia

> (1) the names of the individuals, partnerships, associations, or other legal entities that constitute the enterprise; (2) the structure, purpose, function and course of conduct of the enterprise; (3) information on whether any defendants are employees, officers or directors of the alleged enterprise; (4) a statement as to whether defendants are associated with the enterprise; and (5) a statement as to whether defendants are individuals or entities separate from the alleged enterprise, are the enterprise itself, or are members of the enterprise.

*Lujan v. Mansmann*, 956 F. Supp. at 1231. Moreover, a plaintiff must allege that the enterprise has an existence that is separate and apart from the alleged pattern of racketeering activity. *U.S. v. Turkette*, 452 U.S. at 583 .

Paragraph 155 of Plaintiff's Complaint is the only place where he attempts to identify the RICO enterprise. This paragraph fails to clearly identify, at minimum, the structure, purpose, function and course of conduct of the enterprise, as well as a statement as to whether defendants are individuals or entities separate from the alleged enterprise, are the enterprise itself, or are members of the enterprise. Moreover, paragraph 155 does not allege and/or establish that this supposed enterprise has an existence separate and apart from the pattern of racketeering activity it is allegedly engaged in. Most notably comparing the defendants to the Sopranos does not meet the stringent pleading requirement. (Complaint, ¶ 155.) Thus, Plaintiff's RICO count must be dismissed. *See Turkette* and *Lujan, supra*.

In sum, Plaintiff's Rico claims must be dismissed because has not properly pled a pattern of racketeering activity or enterprise.

**C.     Plaintiff has failed to properly plead claims under RICO Sections 1962(a)-(d)**

Even if the Court finds that Plaintiff has standing, and has properly pled a pattern of racketeering activity and an enterprise, it must still dismiss Plaintiff's Complaint because it fails to properly plead his specific "claims" under RICO Sections 1962(a)-(d).

To state a RICO claim based on a violation of Section 1962(a), a plaintiff must allege that: (1) the defendant received money from a pattern of racketeering activity; (2) invested that money in an enterprise; and (3) the enterprise affected interstate commerce. *Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1188 (3d Cir. 1993); *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1165 (3d Cir. 1989). In addition, under Section 1962(a), a plaintiff must allege that he suffered an injury specifically from the use or investment of income in the named enterprise. *Lightning Lube*, 4 F.3d at 1188. The injury resulting from the use or investment of the racketeering income must be separate from any injury resulting from the racketeering acts themselves. *Id.*

Not surprisingly, the Complaint completely fails to allege that Defendants Goichberg and/or USCF received money from a pattern of racketeering activity. Plaintiff also does not claim that the enterprise affected interstate commerce or that he suffered an injury specifically from the use or investment of income in the enterprise. Thus, Plaintiff's RICO Section 1962(a) claim must be dismissed as to Defendants Goichberg and USCF.

To state a claim under Section 1962(b), Plaintiff must allege that he suffered an injury from Defendant Goichberg and/or USCF's acquisition or control of an interest in a RICO enterprise. *Lightning Lube*, 4 F.3d at 1190. "The injury must be incurred from the acquisition or control of an interest in the RICO enterprise rather than from the pattern of racketeering." *Dianese, Inc. v. Pennsylvania*, No. 01-2520, 2002 U.S. Dist. LEXIS 10917, *30 (E.D. Pa. 2002). Such an injury occurs, for example, when "the owner of an enterprise infiltrated by the defendant

27

as a result of racketeering activities is injured by the defendant's acquisition or control of his enterprise." *Lightning Lube*, 4 F.3d at 1190.

As with all of the RICO claims in the Complaint, Plaintiff has also not properly pled his Section 1962(b) claim.  For instance, paragraph 161 of the Complaint – which addresses Plaintiff's Section 1962(b) claim – does not allege that Plaintiff suffered an injury from Defendant Goichberg and/or USCF's acquisition or control of an interest in a RICO enterprise.  And, Plaintiff does not claim that he incurred an injury from the acquisition or control of an interest in the RICO enterprise rather than from the pattern of racketeering.  To the contrary, paragraph 161 specifically states that "defendants have, through the pattern of racketeering activity set forth in this complaint . . . acquired and maintained control of . . . the RICO enterprise."  As a result, Plaintiff's Section 1962(b) must be dismissed.

To sustain a RICO cause of action under Section 1962(c), Plaintiff must allege: (1) a defendant person (2) employed by or associated with (3) an enterprise (4) that affects interstate commerce (5) through a pattern of racketeering activity.  *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 296-297 (3d Cir. 1991).

As an initial matter, Plaintiff does not allege that the assumed "enterprise" affects interstate commerce.  But this is the least of Plaintiff's Section 1962(c) deficiencies.  Plaintiff fails to recognize that a person charged with violating Section 1962(c) must be <u>distinct</u> from the enterprise.  *See Banks v. Wolk*, 918 F.2d 418, 421 (3d Cir. 1990).  Highlighting this error, Plaintiff specifically alleges in the Complaint that "each defendant has committed, or conspired to commit, at least two predicate acts in furtherance of the RICO enterprise."  Complaint, ¶162.  Where – as here – the very same entities are identified as both the enterprise and a defendant, the distinctiveness requirement clearly is not met.  *See Banks v. Wolk*, 918 F.2d at 421 ("[b]ecause FFIC and FFFG are named as enterprises upon which [Section 1092(c)] liability is based, they

28

must be dismissed as RICO defendants"). Therefore, Plaintiff's Section 1962(c) claim must be dismissed.

Lastly, because none of Plaintiff's Section 1962(a)-(c) claims have been properly pled, his Section 1962(d) claim also fails. A Section 1962(d) claim cannot be sustained in the absence of an underlying substantive offense under Section 1962(a),(b), or (c). *See, e.g., Lightning Lube,* 4 F.3d at 1191 ("[a]ny claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 must necessarily fail if the substantive claims are themselves deficient"). Thus, as with all of Plaintiff's RICO claims, his section 1962(d) claim must be dismissed.

WHEREFORE, Defendants William Goichberg and United States Chess Federation respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

Cozen O'Connor

By: Anita B. Weinstein, Esquire
1900 Market Street
The Atrium – 5th Floor
Philadelphia, PA 19103
(215) 665-2059
aweinstein@cozen.com
Attorneys for Defendants:
William Goichberg and United States Chess
Federation

Dated: July 21 , 2008

PHILADELPHIA\376410\2

29

## CERTIFICATE OF SERVICE

I, Anita B. Weinstein, hereby certify that on this 21st day of July, 2008, a true and

correct copy of Motion of Defendants William Goichberg and United States Chess Federation to

Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 4; 8; 9; 12(b)(6); and 12 (f) and

Memorandum of Law was served on all parties, via first-class mail and/or by electronic filing

mail, postage prepaid to the following address:

Gordon Roy Parker
4247 Locust Street, #119
Philadelphia, PA  19104

Samuel H. Sloan
1664 Davidson Avenue
Bronx, NY  10453

Continental Chess Association
P.O. Box 249
Salisbury Mills, NY  12577

William T. Salzer, Esquire
Swartz Campbell, LLC
Two Liberty Place- 28th Floor
50 South 16th Street
Philadelphia, PA  19102
Attorneys for Defendants Paul Truong and Susan Polgar

Susan Polgar Foundation
103-10 Queens Boulevard, Suite #1C
Forest Hills, NY  11375

Wendi D. Barish, Esquire
Jamie L. Sammans, Esquire
Weber, Gallagher, Simpson, Stapleton, Fires & Newby
2000 Market Street
13th Floor
Philadelphia, PA  19103
Attorney for Defendant Joel Channing

Anita B. Weinstein, Esquire