IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, d/b/a Snodgrass Publishing Group,<br><br>Plaintiff<br><br>v.<br><br>Samuel H. Sloan et al,<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO.: 08-829-JCJ |

## ORDER

AND NOW, this ___ day of August, 2008, in consideration of Plaintiff's **Motion To Strike Defendants' Motions To Dismiss**, the motion is GRANTED

_____
**J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GORDON ROY PARKER**, d/b/a Snodgrass Publishing Group,<br><br>Plaintiff<br><br>v.<br><br>**Samuel H. Sloan et al,**<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CASE NO.: 08-829-JCJ** |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS TRUONG, POLGAR, CHANNING, GOICHBERG AND USCF'S MOTIONS TO DISMISS**

Plaintiff Gordon Roy Parker moves this court to strike the above-referenced motions to dismiss for the following reasons:

1. Defendants Truong/Polgar's motion was filed out of time, without leave of the Court to do so.

2. Defendants Goichberg, USCF, and Channing's motions and memoranda exceed the twenty-five page limit for motion pleadings in this district.

3. Alternatively, in the absence of a specific limit, Plaintiff argues that the motions to dismiss are still burdensome, unduly long, poorly structured, and that it impossible for Plaintiff to frame a proper response.

**Rule 7.1(a) Concurrence Statement**

Concurrence is moot in this case, and even if it were not, the time limits are such that any concurrence would not have come in time to prevent this pleading, as a response is due on this date. Plaintiff has tried to mitigate by concurrently filing a consolidated response pleading.

## RELIEF SOUGHT

An order striking the above-referenced motions to dismiss.  An appropriate form of order is attached.

This the 7th day of August, 2008.

_____
Gordon Roy Parker
4247 Locust Street, #119
Philadelphia, PA  19104
(215) 764-5487
GordonRoyParker@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, d/b/a Snodgrass Publishing Group,<br><br>　　　　　　　　　　　Plaintiff<br><br>v.<br><br>Samuel H. Sloan et al,<br><br>　　　　　　　　　　　Defendants | : : : : : : : : : : : | CASE NO.: 08-829-JCJ |
|---|---|---|

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS TRUONG, POLGAR, CHANNING, GOICHBERG AND USCF'S MOTIONS TO DISMISS

Plaintiff submits this memorandum in support of the instant motion:

### I. INTRODUCTION

The above-named defendants have filed <u>long</u> pleadings in their motions to dismiss this action for the garden-variety bases commonly cited in such motions (Rules 4, 8, 9 and 12), plus lack of valid service and lack of personal jurisdiction over the individual defendants.

This Court granted the Defendants' motion for an extension of time to file their motions, to July 21, 2008. No further extensions have been moved for or granted by this Court.

Defendants' pleadings are of the following length:

| **Defendants** | **Pleading** | **Length** |
|---|---|---|
| Goichberg/USCF | Motion | 03 pages |
| | Memorandum | 29 pages |
| | **Total** | **32 pages** |
| Truong/Polgar | Motion | 02 pages |
| | Memorandum | 29 pages |
| | Total | **31 pages** |

| | | |
|---|---|---|
| Channing | Motion | 03 pages |
| | Memorandum | 30 pages |
| | **Total** | **33 pages** |

Each motion and memoranda are several pages over the page limits for such pleadings.

## II. LEGAL STANDARD

### A. Time Limit For Filing A Motion To Dismiss In Response To A Complaint.

Federal Rule 12(a)(1)(A)(i) states, in relevant part that "a Defendant must file an answer [or motion to dismiss] within twenty days after being served with the summons and Complaint." This time limit was extended to July 21, 2008 by previous order of this Court.

### B. Page-Limit For Motions And Memoranda.

As Defendants cite, Plaintiff is no stranger to procedure in this district. Plaintiff currently has no access to PACER, so his research resources are limited at this time. Nevertheless, he was able to locate the ruling in Klein et al. v. National Railroad et al, E.D.Pa. #04-955-LFS

> "Defendants National Railroad Passenger Corp. and Norfolk Southern's Motion to Exceed Twenty-Five Page Limit for Briefs and Memorandum (Docket # 39) is **GRANTED**."

Were there no such limit, National Railroad would not have had to move to exceed it.

### C. Judge's Procedures.

From the procedural PDF for these chambers:

> Judge Joyner has a general policy of adhering to originally scheduled dates unless a compelling reason is presented that justifies a change. Counsel should advise the Court immediately, and <u>before the date has run</u>, of any compelling reason justifying an extension or continuance of any originally scheduled date. (Emphasis added)

2

### III. ARGUMENT

A. <u>Defendants Truong/Polgar's Motion To Dismiss Should Be Denied Because It Was Filed Out Of Time.</u>

Defendants Truong/Polgar's motion to dismiss and memoranda <u>are not dated</u>. The cover-letter and Certificate of Service are dated July 22, 2008. As the deadline for filing and serving the documents was July 21, 2008, already extended from the original deadline, and as there is neither an order (served on Plaintiff) further extending the deadline, nor any good cause for doing so, Defendants' Truong/Polgar's motion to dismiss should be struck from the record.

B. <u>All pleadings relevant to this motion were over the twenty-five page limit for pleadings.</u>

As outlined above, each Defendant's motion and memorandum is over <u>thirty</u> pages long, well beyond the twenty-five page limit. The motions and their arguments are poorly structured, and it is difficult if not impossible for Plaintiff to file a proper responsive pleading. Nevertheless, Plaintiff has concurrently filed a Consolidated Response to the three motions, and attempted to keep it as brief as possible (Plaintiff claims a forty-five page limit on his response, three times the fifteen-page limit).

### IV. CONCLUSION

For the reasons set forth herein, Defendants Truong/Polgar, Goichberg, and Channing's motions to dismiss should be stricken from the record.

This the 7th day of August, 2008.

*[signature]*   *[signature]*

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(215) 764-5487

3