IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
GORDON ROY PARKER              :
                               :
       Plaintiff               :   CIVIL ACTION
                               :
   v.                          :   No. 08-00829
                               :
SAMUEL H. SLOAN, ET AL.        :
                               :
       Defendants              :
```

**ORDER**

AND NOW, this 2nd day of September 2008, in consideration of Pro Se Plaintiff Gordon Roy Parker's Complaint (Doc. No. 1), Defendants William Goichberg's, Paul Truong's, Susan Polgar's, United States Chess Federation's and Joel Channing's Motions to Dismiss (Doc. Nos. 9, 11, 12) and Plaintiff's Consolidated Response (Doc. No. 14), it is hereby ORDERED that[1]:

---

[1] In deciding a motion to dismiss, federal courts are bound by the pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Fed.R.Civ.P. 8(a)(2)(requiring "a short and plain statement" of both the jurisdictional grounds and the claims supporting the plaintiff's request for relief).  The purpose of the short and plain statement is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
   Plaintiff's Complaint is long and convoluted, failing to clearly and concisely set forth his factual allegations and legal claims.  For example, Plaintiff groups a number of counts in his Complaint under one heading, making it difficult to identify which allegations relate to which individual count.  While we recognize that Plaintiff is a *pro se* litigant, he has had significant experience representing himself in this court and is undoubtedly aware of the requirements of Rule 8.  Judge Kelly painstakingly discussed Rule 8(a) in a previous case involving Plaintiff.  See Parker v. Learn the Skills Corp. et. al., 2004 U.S. Dist. Lexis 21499 (E.D. Pa. 2004). We agree with Defendants that Plaintiff's Complaint in the instant action fails to provide them with clear notice of the claims against them, making it further impossible for this court to adequately evaluate the other substantive

1. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 8;

2. If Plaintiff is able to cure the deficiencies in his Complaint on or before October 3, 2008, then the court will reopen this matter;

3. Plaintiff's Motion to Strike Defendants Motions to Dismiss (Doc. No 15) is DISMISSED AS MOOT;

4. Plaintiff's Motion for Extension of Time to Serve Complaint or For Alternative Service By Mail (Doc. No. 17) is DISMISSED AS MOOT; and

5. Plaintiff's Motion to Conduct Jurisdictional Discovery Against Defendants (Doc. No. 16) is DISMISSED AS MOOT.

BY THE COURT:

s/J. Curtis Joyner
J. CURTIS JOYNER,         J.

---

bases upon which Defendants seek to dismiss the Complaint.  We therefore dismiss Plaintiff's Complaint under Rule 8(a) for failure to comply with its "short and plain statement" requirement.  We grant Plaintiff leave to re-file his Complaint if he is able to cure the deficiencies.  We also caution Plaintiff to review Fed. R. Civ. P. 12(f) allowing a court to strike material from a pleading which is "redundant, immaterial, impertinent, or scandalous."  A review of Plaintiff's Complaint shows that he has alleged immaterial facts which are both scandalous and redundant in contravention of Rule 12(f).