IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, d/b/a Snodgrass Publishing Group,<br><br>                              Plaintiff<br>       v.<br><br>Samuel H. Sloan et al,<br><br>                              Defendants | : : : : : : : : : : | CASE NO.:<br>08-cv-829-JLJ |
|---|---|---|

## ORDER

AND NOW, this ____ day of November, 2008, in consideration of Defendants USCF and Goichberg's Motions To Dismiss Plaintiff's Amended Complaint, and all responses thereto, the instant motions are DENIED.

SO ORDERED.

_____
J.

5

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, d/b/a Snodgrass Publishing Group,<br><br>        Plaintiff<br>  v.<br><br>Samuel H. Sloan et al,<br><br>        Defendants | CASE NO.:<br>08-cv-829-JLJ |
|---|---|

## PLAINTNIFF'S OPPOSITION TO DEFENDANTS GOICHBERG AND USCF'S MOTIONS TO DISMISS

Plaintiff submits this Opposition to the instant motion.

### RESPONSE TO MOTION AVERMENTS

1-2. Admitted.

3. Admitted in part, denied in part. While it is true that Defendants USCF and Goichberg do not control USENET, it is also irrelevant, as they did have a respondeat-superior or co-conspirator's involvement in the postings. Both Defendants also were in control of evidence which would have stopped the impostger long before the Mottershead Report accomplished this. Plaintiff imputes liability only for that which was under the control of the instant defendants.

4. Plaintiff's membership standing in USCF is not relevant to his employment status, nor his right to be free from actionable conduct that within the instant Defendants' control, either to stop, or to not engage in. If Defendants are suggesting that Plaintiff pay membership dues so he is not acted out against, that would be extortion.

5-6. Admitted.

7-9. These are conclusory statements which does not require a response. To the extent one is required, it is denied.

10. Denied. Federal Rule 4 allows service under the state rules. PA Rule 403 allows service of out-of-state defendants by "signature mail." Anyone who signs for mail for another is their <u>authorized agent</u> for the purpose of receiving mail, and therefore service. Currently pending are Plaintiff's renewed motions for extension of time to serve, and to effect service by mail. The Pennsylvania rules also allow <u>one year</u> for service of a complaint, through "restating" of the Complaint.

11. This is a conclosury statement to which a response is not required. To the extent one is required, it is denied.

12. Denied. The scandalous material cited in the original Complaint was removed, and was restricted to one or two paragraphs. That the <u>relevant</u> material is charged, does not make it a violation of Rule 12(f), as it is a function of the underlying conduct.

13. This is a conclusory statement to which a response is not required. To the extent one is required, it is denied.

This the 4th day of November, 2008.

*/s/ Gordon Roy Parker*

Gordon Roy Parker
4247 Locust Street, #119
Philadelphia, PA  19104
(215) 764-5487
GordonRoyParker@aol.com
Plaintiff, Pro Se

2

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, d/b/a Snodgrass Publishing Group,<br><br>　　　　　　　　　　Plaintiff<br>　　v.<br><br>Samuel H. Sloan et al,<br><br>　　　　　　　　　　Defendants | : : : : : : : : : : : | CASE NO.:<br>08-cv-829-JLJ |
|---|---|---|

### MEMORANDUM IN SUPPORT OF PLAINTNIFF'S OPPOSITION TO DEFENDANTS <u>GOICHBERG AND USCF'S</u> MOTION TO DISMISS

Plaintiff submits this memorandum in support of Plaintiff's opposition to the instant motion.

### INTRODUCTION

Defendants Goichberg and USCF are presently involved in litigation against current defendants, former defendants, and other individuals, relating to this specific <u>Fake Sam Sloan</u> "scandal," in several cases, spread out among several jurisdictions. These include this action, <u>Sloan v. USCF</u> (SDNY), <u>Polgar v. USCF et al.</u> (W.D.Tx), and <u>USCF v. Polgar et al.</u> (N.D.Ca.),  It has become literally a <u>battle royale</u>.

These Defendants have taken positions on the underlying conduct – the imposter – depending on which side of the pleadings they are at that time.  In this case, Defendants Truong and Polgar likened internet postings to a "bathroom wall" that no one takes seriously, while in <u>Polgar v. USCF</u>, Polgar claimed they suddenly had the power to "ruin her life."  As Defendant USCF minimizes the harm inflicted here, or its involvement, it also filed suit against Truong and Polgar concerning this, while

demanding their <u>resignation</u> from the USCF Executive Board for their refusal to deny the claims in writing, or provide discovery.

Plaintiff is truly but a <u>pawn</u> in a much larger game: to destroy USCF, and seize control over a replacement federation. Part of that strategy is to burden it with legal actions, with all costs and judgments covered by insurance.

## LEGAL STANDARD

Plaintiff incorporates by refernce, as if fully stated verbatim herein, his Consolidated Brief In Opposition to Defendants' original Motion To Dismiss, as if fully stated verbatim herein.

## ARGUMENT

Defendants raise few new issues in their motion to dismiss the Amedned Complaint. Except as set forth below, Plaintiff stands on his Amended Complaint, the relevant arguments raised in his Consolidated Brief In Opposition, which is also attached as Exhibit A to the Truong/Polgar motion to dismiss the Amended Complaint, or the body of this motion.

Here, Plaintiff adds the following new arguments:

1. **Timeliness Of Defamation Claim**.

Defendants argue that the defamation claims are untimely. For postings which occurred <u>less</u> than one year following the original filing of this action (February 20, 2007), this suit is unquestionably timely, and the Amended Complaint's averments relate back to the original complaint, as they were set forth there.

2

For those postings <u>more</u> than one year prior to February 20, 2008, Plaintiff argues that the discovery of injury occurred with the publication of the Mottershead Report, which was October 6, 2007, or when Sloan filed suit in New York.

2. **Timeliness of Title VII Claims**.

Defendants have argued that the Title VII retaliation claims are untimely. A strict interpretation of the timetable would agree with this, but Plaintiff has argued that this limitation was tolled by Defendants' fraudulent conduct.

Should this court find that the Title VII claims are untimely, a second EEOC charge is pending, and was filed in July 2008, within 300 days of publication of the Mottershead Report, also the discovery of the retaliatory injury, which Plaintiff could not have ascertained even with stringent diligence. Prior to the Mottershead Report, he had no reason to believe, and in fact had been told specifically by USCF, through board member Channing, that USCF was not involved.

Plaintiff leaves it to the wisdom of this court to determine if this or the next EEOC charge winds up heard as a Title VII action.

## CONCLUSION

For the reasons set forth herein, the instant motion should be **denied**. An appropriate form of order is attached.

This the 3rd day of November, 2008.

*[signature]*

Gordon Roy Parker
4247 Locust Street, #119
Philadelphia, PA  19104
(215) 764-5487
GordonRoyParker@aol.com
Plaintiff, Pro Se

*Original - To Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER**, d/b/a Snodgrass Publishing Group,<br><br>                                    Plaintiff<br>                  v.<br><br>Samuel H. Sloan et al,<br><br>                                    Defendants | CASE NO.:<br>08-cv-829-JLJ |

### CERTIFICATE OF SERVICE

I, Gordon Roy Parker, <u>Plaintiff</u> in the above-styled action, hereby certify that I have served a true and correct copy of the foregoing **Plaintiff's Opposition To Defendant USCF and Goichberg's Motion To Dismiss**, by <u>regular mail</u>, as follows:

| | | |
|---|---|---|
| William T.. Salzer, Esq<br>Swartz Campbell, LC<br>Two Liberty Place, 28th Fl. 50 South 16ft Street<br>Philadelphia, PA 19102<br>Attorneys for Truong/Polgar | Wendi D. Barish, Esq<br>Jamie L .Sarnmans, Esq.<br>Weber, Gallagher Simpson. Stapleton, Fires & Newby<br>2000 Market Street. 13th Fl.<br>Philadelphia, PA 19103<br>Attorneys for Joel Channing | Anita B. Weinstein, Esq. Cozen & O'Connor<br>1900 Market St. 5th Floor<br>Philadelphia PA 19103<br>Atty for Goichberg/USCF |

This the 3rd day of November, 2008.

_____
Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA  19104
(215) 764-5487

4