## IN THE UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF PENNSYLVANIA

GORDON ROY PARKER, a/k/a "Ray Gordon",
a/k/a "Ray Gordon, Creator of the Pivot," d/b/a
Snodgrass Publishing Group,

Plaintiff

vs.

SAMUEL H. SLOAN, WILLIAM
GOICHBERG, CONTINENTAL CHESS
ASSOCIATION, PAUL TRUONG, SUSAN
POLGAR, SUSAN POLGAR FOUNDATION,
UNITED STATES CHESS FEDERATION
AND JOEL CHANNING,

Defendants.

CIVIL ACTION

NO. 08-00829

## ORDER

AND NOW THIS _____ day of _____2009, upon consideration of defendants, Paul Truong and Susan Polgar's Motion for a Protective Order, and any response thereto,

IT IS HEREBY ORDERED AND DECREED that the Motion for Protective Order is GRANTED. IT IS FURTHER ORDERED that:

1.  The defendants' response to Interrogatory No. 3 or Request for Production No. 5 need only state whether they have filed an income tax return in Pennsylvania, and if so, for what years. Plaintiff is not entitled to the production of defendants' federal or state income tax returns.

2.  The defendants' response to Interrogatory No. 4 need only state  whether they have received income from a person or entity located in Pennsylvania;

3.      The defendants need not reply to Interrogatory No. 5.  The identity of an anonymous donor to Texas Tech University is not relevant to the plaintiff's attempt to establish personal jurisdiction in Pennsylvania.

4.      The defendants, Paul Truong and Susan Polgar, need not provide further reply to Interrogatory Nos. 7 and 8 or Requests for Production Nos. 3 and 4 as the extent of contacts, if any, of the defendants with New York state is not relevant to the contested issue of personal jurisdiction in this forum;

5.      The defendants need not provide further response to Interrogatory No. 9 as the extent of contacts of defendants, if any, with other jurisdictions is not relevant to the contested issue of personal jurisdiction in this forum.

BY THE COURT:


_____
J. Curtis Joyner

## IN THE UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF PENNSYLVANIA

GORDON ROY PARKER, a/k/a "Ray
Gordon", a/k/a "Ray Gordon, Creator of the
Pivot," d/b/a Snodgrass Publishing Group,

                                               **Plaintiff**

      vs.

SAMUEL H. SLOAN, WILLIAM
GOICHBERG, CONTINENTAL CHESS
ASSOCIATION, PAUL TRUONG, SUSAN
POLGAR, SUSAN POLGAR
FOUNDATION, UNITED STATES CHESS
FEDERATION AND JOEL CHANNING,

                                            **Defendants.**

CIVIL ACTION

NO. 08-00829

## DEFENDANTS, PAUL TRUONG AND SUSAN POLGAR'S MOTION FOR PROTECTIVE ORDER

Moving defendants, Paul Truong and Susan Polgar, by their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26(c) seek a protective order limiting the scope of the discovery sought by the plaintiff to matters that are germane to the resolution of the jurisdictional question before the court. In support of this motion, defendants aver as follows:

1.     The plaintiff filed the instant lawsuit on February 20, 2008, alleging claims of defamation, tortious interference, fraudulent and negligent misrepresentation, gross and simple negligence, Lanham Act violations, civil conspiracy and RICO conspiracy. The plaintiff's claim has since been confined to an action for defamation based on three postings to an Internet site.

2.     The plaintiff's claims arises from postings on an Internet website for chess players by an alleged impersonator of plaintiff. *See* Complaint.

3.      The defendants filed a Motion to Dismiss for lack of personal jurisdiction over the moving defendants.

4.      Although the September 28, 2009 Order permitting jurisdictional discovery does not specifically define the scope of such discovery, the Court does specify that the purpose of the limited jurisdictional discovery is to allow the plaintiff to supplement the record in this matter with evidence supporting his contention that *this* Court has personal jurisdiction over the moving defendants.  *See* September 28, 2009 Order (emphasis added).

5.      Following the issuance of the September 28, 2009 Order, the plaintiff propounded upon the moving defendants Requests for Admissions, Jurisdictional Interrogatories and Request for Production of Documents.  A true and correct copy of the Requests for Admissions, Jurisdictional Interrogatories and Request for Production of Documents propounded to each defendant are attached hereto as Exhibit "A" through "C".

6.      The discovery requests propounded upon the moving defendants seek, in part, information that is beyond the scope of jurisdictional discovery.  *See* Exhibit "A".

7.      Defendant Truong's responses and objections to Plaintiff's Jurisdictional Interrogatories, Requests for Production of Documents and Requests for Admissions are attached as Exhibit D.

8.      Defendant Polgar's responses and objections to Plaintiff's Jurisdictional Interrogatories, Requests for Production of Documents and Requests for Admissions are attached as Exhibit E.

9.      The discovery requests propounded upon the moving defendants seek, in part, discovery regarding irrelevant matters, including the moving defendants' contacts with jurisdictions other than Pennsylvania as well "as merits" discovery.

10.      Rule 26(c) of the Federal Rules of Civil Procedure provides, in pertinent part:

> (1)      *In General*.   A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ...
>
> > (D)      forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;...

11.      The discovery requests propounded by the plaintiff which relate to matters outside the scope of the contested jurisdictional issues are oppressive and unduly burdensome.

12.      Moving defendants respectfully request this Honorable Court enter an Order limiting jurisdictional discovery to the moving defendants' contacts with Pennsylvania.

WHEREFORE, defendants Paul Truong and Susan Polgar respectfully request that this Honorable Court grant their Motion and enter the attached Order limiting any and all discovery to defendants' contacts with Pennsylvania.

**SWARTZ CAMPBELL LLC**

s/William T. Salzer
William T. Salzer, Esquire
Jordan S. Derringer, Esquire
Two Liberty Place- 28th Floor
50 South 16th Street
Philadelphia, PA 19102
Attorney for Defendants,
Paul Truong and  Susan Polgar

## IN THE UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER, a/k/a "Ray Gordon", a/k/a "Ray Gordon, Creator of the Pivot," d/b/a Snodgrass Publishing Group,<br><br>                             Plaintiff<br><br>    vs.<br><br>SAMUEL H. SLOAN, WILLIAM GOICHBERG, CONTINENTAL CHESS ASSOCIATION, PAUL TRUONG, SUSAN POLGAR, SUSAN POLGAR FOUNDATION, UNITED STATES CHESS FEDERATION AND JOEL CHANNING,<br><br>                          Defendants. | CIVIL ACTION<br><br>NO. 08-00829 |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR PROTECTIVE ORDER ON BEHALF OF DEFENDANTS,
## PAUL TRUONG AND SUSAN POLGAR

Moving defendants, Paul Truong and Susan Polgar, by their undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c), seek a Protective Order limiting the scope of plaintiff's jurisdictional discovery to the moving defendants' contacts, or lack thereof, with Pennsylvania and precluding discovery concerning the merits of the action. Plaintiff's discovery requests do not seek information regarding defendants' contacts with Pennsylvania, the contested issue before the court on the defendants' motion to dismiss for lack of personal jurisdiction.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 26(c) provides, in pertinent part:

> (1) *In General*. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending... The court may, for good cause, issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense, including one or more of the following: ...

(D)    forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;...

Under Rule 26(c) the court, in the context of discovery, may enter a protective order for "good cause shown." Good cause may be demonstrated by showing that the disclosure will result in a clearly defined, specific and serious injury. <u>Shingara v Skiles</u>, 420 F.3d 301, 305-06 (3d Cir. 2005). The factors relevant to a determination of whether a protection order should be issued are:

(1)    whether disclosure will violate any privacy interests;

(2)    whether the information is being sought for a legitimate purpose or for an improper purpose;

(3)    whether disclosure of the information will cause a party embarrassment;

(4)    whether confidentiality is being sought over information important to public health and safety;

(5)    whether the sharing of information among litigants will promote fairness and efficiency;

(6)    whether a party benefitting from the order of confidentiality's a public entity or official; and

(7)    whether the case involves issues important to the public.

<u>Id.</u> at 306. Where, however, a case involves only private litigants and does not concern matters important to the public, "that should be a factor weighing in favor of granting or maintaining an order of confidentiality." <u>Constand v. Cosby</u>, 232 F.R.D. 486 (E.D.Pa. 2006), quoting, <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772 (3d Cir. 1994).

Plaintiff has been allowed to conduct discovery to respond to defendant's contention that they had and maintain no contacts with Pennsylvania sufficient to give this court personal jurisdiction under the Pennsylvania Long Arm statute, 42 Pa. C.S.A. § 5332, and consonant with the "minimum contacts" requirements of the Due Process clause. International Shoe Co. v. Washington, 326 U.S. 310 (1945). For purposes of this inquiry, a distinction is made between "specific" jurisdiction and "general" jurisdiction; the former exists where the lawsuit arises out of or is related to the defendant's contacts with the jurisdiction. The latter is based on the defendant's general business contracts with the forum state and extends to jurisdiction even where the subject matter of the lawsuit is unrelated to those contracts. To establish general jurisdiction, the plaintiff must demonstrate "continuous and systematic business contracts." Helicopters Naciona les de Columbia S.A. v. Hall, 466 U.S. 408 (1984). Plaintiff's discovery is not directed to this purpose; rather, plaintiff either seeks personal and confidential information unrelated to jurisdictional contacts or inquires as to contacts with New York State to assist in his forum shopping.

Further still, other interrogatories seek discovery regarding the merits of the action. These interrogatories are not limited to the question of whether the moving defendants had contacts with Pennsylvania sufficient to give rise to personal jurisdiction of this court. Accordingly, these discovery requests should be limited to the issue of the nature and extent of the moving defendants' contacts with the forum state, Pennsylvania.

In this regard, the moving defendants object to the following Interrogatories:

| Discovery Request | Reason for Objection |
|---|---|
| Interrogatory No. 3 | This request seeks the identification of each and every state in which the moving defendants have filed a tax return, including, the type of return, the amount owed, and the total revenue.  This request is overbroad in that it is not limited to the contacts with the forum state. Moreover, the amount owed and the total revenue or income listed on the tax return is irrelevant to the determination of whether the moving defendants had contacts sufficient with the forum state in order to permit the imposition of personal jurisdiction and further seeks information which violates defendants' privacy interests. |
| Interrogatory No. 4 | This request seeks identification of all individuals or entities that have paid the moving defendants money since January 1, 2005, <u>regardless of whether or not those individuals or entities are located in Pennsylvania</u>, as well as, the amount of those payments in excess of $3,000.00. This request is overbroad in that it is not limited to the contacts with the forum state.  Moreover, the amount of income and the source thereof is irrelevant to the determination of whether the moving defendants had contacts sufficient with the forum state in order to permit the imposition of personal jurisdiction.  The request for disclosure of purported benefactors is not sought for a legitimate purpose. |
| Interrogatory No. 5 | This request seeks identification of the donor of a $1 million donation to Texas Tech University, as well as, the state or country of origin of the payment, or the location where the donor resides or conducts business. This request is overbroad in that it is not limited to the contacts with the forum state.  Moreover, information concerning the location of a donor is irrelevant to the determination of whether the moving defendants had contacts sufficient with the forum state in order to permit the imposition of personal jurisdiction. Disclosure of the identity of a donor to Texas Tech University would violate the privacy interests of non-parties and is not sought for a legitimate purpose. |
| Interrogatory No. 7 | This request seeks identification of the moving defendants' contacts with New York, including the nature and purpose of each and every visit since January 1, 2005. This request is overbroad in that it is not related at all to the contacts with the forum state.  Moreover, the moving defendants' alleged contacts with a state other than the forum state is irrelevant to the determination of whether the moving defendants had contacts sufficient with the forum state in order to permit the imposition of personal jurisdiction. |

| Interrogatory No. 9 | This request seeks identification of all products or services which the moving defendants earn revenue from over the Internet and what states that any advertisements are directed to; including, all states where services have been rendered. This request is overbroad in that it is not limited to the moving defendants' contacts with the forum state. Moreover, any contacts with a state other than the forum state are irrelevant to the determination of whether the moving defendants had contacts sufficient with the forum state in order to permit the imposition of personal jurisdiction. |
|---|---|
| RFA 7 (Polgar) RFA 6 (Truong) | This request seeks an admission as to whether the moving defendants have ever, subsequent to January 1, 2005, published any Internet messages under the names "Ray Gordon" or "Sam Sloan". This request is directed to the merits of the action, and further, regardless of the answer it does not aid in the determination of whether the moving defendants had contacts sufficient with the forum state in order to justify the imposition of personal jurisdiction. |

While plaintiff is entitled to jurisdictional discovery prior to dismissal for lack of personal jurisdiction, Renner v. Lanard Toys, Ltd., 33 F.3d 277 (3d Cir. 1994), to be relevant, such discovery must pertain to contacts with the forum state. Fraley v. Chesapeake O. Ry. Co., 347 F.2d 1 (3d Cir. 1968); Phillips v. Dale, 1986 WL 9729 (E.D. Pa 1986) (court should allow discovery on contacts with forum state). Other district courts have limited discovery to that which pertains to the defendant's contacts with the forum state. See e.g., Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560 (2d Cir. 1996) (district court did not abuse discretion in limiting scope of jurisdictional discovery to contacts with forum state in preceding six years); Powder Coating Consultants v. Powder Coating Institute, 2009 WL 3418224 (D. Conn. 2009) (limiting jurisdictional discovery to contacts with forum state, not with regard to activities or contacts with other states); Smugmug, Inc. v. Virtual Photo Store, 2009 WL 2488003 (N.D. Cal. 2009) (limiting jurisdictional discovery to contacts with forum states); Dykes v. Maverick Motion Picture Group, LLC, 2009 WL 3053738 (M.D.La. 2009)

(where the court held that discovery requests seeking information about the merits of the case were not geared to the defendant's contacts with Louisiana, and thus, a protective order was issued limiting inquiry to defendant's relationship with Louisiana companies and the filing of Louisiana tax returns); Orchid Biosciences, Inc. v. St. Louis University, 198 F.R.D. 670 (S.D. Cal. 2001) (restricting jurisdictional discovery to contacts with the forum state); Eli Lilly & Co. v. Invagen Pharmaceuticals, Inc., 2009 WL 3018744 (S.D.Ind. 2009) (limiting jurisdictional discovery as overbroad).

Defendants have fully answered plaintiff's discovery requests as they relate to contacts with Pennsylvania and while preserving their objections to relevance have responded to Interrogatories related to contacts with New York State. At this juncture, the only relevant inquiry is whether the plaintiffs had sufficient contacts with Pennsylvania to establish general jurisdiction or specific jurisdiction as it relates to the plaintiff's liability allegations.

## TAX RETURNS

The discovery of tax returns requires the balancing of two competing and important interests–the taxpayer's expectation of privacy and the benefits of broad pre-trial discovery. Haas v. Kohl's Department Store, Inc., 2009 WL 2030567 (E.D. Pa. 2009), citing De Masi v. Weiss, 669 F. 2d 114, 119 (3d Cir. 1982) (private litigants have privacy expectation regarding income). Plaintiff can show no need for the disclosure of information regarding the defendants' income or assets where the only question before the court is whether the defendants' had contacts with the state of Pennsylvania sufficient to give rise to personal jurisdiction. Tax returns provide no such data; therefore, whatever relevancy attached to such documents is outweighed by the prejudice to the defendants such that a protective order is

warranted.  See e.g. <u>Farmers & Merchants Nat. Bank v. San Clemente Financial Group Securities</u>, 174 F.R.D. 572, 585 (D. N.J. 1997).

Defendants have responded that they have not resided in Pennsylvania and have not filed tax returns in Pennsylvania.  The production of individual state or federal income tax returns has no relevance to plaintiff's attempt to establish personal jurisdiction over defendants in this court. As noted in <u>Dykes</u>, production of tax returns was restricted to the forum state where jurisdictional discovery was conducted. Production of tax returns invades the defendants' entitlement to maintain the privacy of confidential information which far outweighs the plaintiff's need for such information to establish jurisdiction in this court.  The only information on a tax return that could bear any probative value to the contested issue is the address of the tax filer; however, given that such information is available on other documents such as a driver's license or voter's registration card, no need for the tax records can be shown.

Plaintiff requests production of corporate tax filings on the part of entities which are not defendants in this lawsuit based simply on the fact that the individuals are officers of the corporation.  Defendants have responded that no such filings have been made in Pennsylvania.  No possible relevance can attach to corporate filings to the plaintiff's assertion that personal jurisdiction exists over these individual defendants.

When considering the factors relevant to determining the issuance of a protective order, the above facts weigh heavily in favor of the issue of a protective order.  There are no public concerns favoring an interest in disclosure. <u>See</u> <u>Pansy</u>, <u>supra.</u>  To the contrary, this matter is between private citizens and does not have any implications to the public at large.  This is merely a dispute over whether one person slandered or wrongfully impersonated another.

Disclosure of the requested tax information poses an invasion into the privacy of the moving defendants. The moving defendants should not have to expose their personal financial data to the plaintiff which will undoubtedly find its way onto the Internet.

**MERITS DISCOVERY**

Plaintiff seeks admissions as to whether the defendants used his name or that of "Sam Sloan" in Internet postings. Such discovery goes to the heart of the plaintiff's liability claim and is beyond the scope of jurisdictional discovery which is the subject of the Court's Order. Defendants request issuance of a protective order limiting the jurisdictional discovery to issues solely related to the moving defendants' contacts with the forum state.

**NON-FORUM RELATED DISCOVERY**

Plaintiff seeks the identification of every person or entity that has paid income in excess of $3,000.00 to defendants subsequent to January 1, 2005, the amount of income, the reason for the receipt, and the state from which payment was made. Defendants have responded by stating that they have received no income from any person or entity, residing or based in Pennsylvania. Defendants have not received any income based on work in Pennsylvania. Where no such person or entity exists, identifying the source, amount or reason for receipt of income from all other sources from January 1, 2005 to the present, has no potential to lead to the discovery of evidence pertinent to the contention that personal jurisdiction exists in Pennsylvania. Where the sought after discovery is not tailored to establishing a basis for jurisdiction and further seeks the disclosure of confidential financial information, a protective order is justified.

**PRIVACY INTEREST OF ANONYMOUS DONOR TO TEXAS TECH UNIVERSITY**

Plaintiff seeks the identification of an anonymous donor to the Texas Tech University responsible for funding the SPICE program at the University with which the defendants are affiliated. Texas Tech University received a gift from an anonymous donor of $320,000 to fund scholarships to recruit chess talent to the University and to pay for the construction of concrete chess tables at the school.

*See* http://today.ttu.edu/2008/05/texas-tech-chess-institute-announces-donation/.

Plaintiff has not sought this information from Texas Tech University which has a legitimate interest in protecting the confidentiality of the donor. Obviously, such information has no bearing on the plaintiff's lawsuit against the defendants based on alleged Internet postings.

**CONCLUSION**

For the reasons set forth herein, moving defendants, Paul Truong and Susan Polgar, respectfully request that this Honorable Court grant their Motion for a Protective Order and limit the scope of jurisdictional discovery to the moving defendants' contacts with Pennsylvania.

> **SWARTZ CAMPBELL LLC**
>
> s/William T. Salzer
> William T. Salzer, Esquire
> Jordan S. Derringer, Esquire
> Identification No. 42657/91420
> Two Liberty Place- 28th Floor
> 50 South 16th Street
> Philadelphia, PA 19102
> (215) 564-5190
> Attorney for Defendants,
> Paul Truong and  Susan Polgar

– 9 –

## <u>CERTIFICATE OF SERVICE</u>

_____William T. Salzer, Esquire, hereby certifies that a true and correct copy of the attached Motion for Protective Order, was served upon all interested parties, either electronically and/or by United States Mail, first class, postage prepaid on November 5, 2009.

Gordon Roy Parker
4247 Locust Street
Apartment 119
Philadelphia, PA 19104

                        SWARTZ CAMPBELL LLC

                        <u>s/William T. Salzer</u>
                        William T. Salzer, Esquire
                        Jordan S. Derringer, Esquire
                        Identification No. 42657/91420
                        Two Liberty Place- 28th Floor
                        50 South 16th Street
                        Philadelphia, PA 19102
                        (215) 564-5190
                        Attorneys for Defendants,
                        Paul Truong and  Susan Polgar

DATE:       November 5, 2009