**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GORDON ROY PARKER**, d/b/a Snodgrass Publishing Group, | : : : | |
| Plaintiff | : | **CASE NO.: 08-829-JCJ** |
| v. | : : | |
| **Samuel H. Sloan et al,** | : : : | |
| Defendants | : | |

<u>**PLAINTIFF'S OPPOSITION TO DEFENDANTS TRUONG AND POLGAR'S**</u>
<u>**MOTION FOR PROTECTIVE ORDER**</u>

   Plaintiff Gordon Roy Parker, in the above-styled action, submits this

Opposition to Defendants Truong and Polgar's motion for a protective order.

   Plaintiff incorporates by reference the concurrently filed Motion For

Change Of Venue, Motion To Compel Discovery, and his Conslidated Memorandum in

support of same.

   This the 12th day of November, 2009

Gordon Roy Parker
4247 Locust Street, #119
Philadelphia, PA  19104
(215) 754-5487

**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GORDON ROY PARKER**, d/b/a<br>Snodgrass Publishing Group,<br><br>Plaintiff<br>v.<br><br>**Samuel H. Sloan et al,**<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CASE NO.: 08-829-JCJ** |

<u>**PLAINTIFF'S MOTION FOR CHANGE OF VENUE**</u>

Plaintiff Gordon Roy Parker, in the above-styled action, submits this

Motion For Change Of Venue, in the following order of preference:

　　　　1.　　Retention of venue in Pennsylvania, in which case this motion

should be denied as moot.

　　　　2.　　Change of venue to the Southern District of New York.

Plaintiff incorporates by reference, as if fully stated verbatim herein, the

concurrently filed Opposition to Defendants' Motion For Protective Order, his Motion To

Compel Discovery, and his Consolidated Memorandum, in support of all three pleadings.

This the 12th day of November, 2009.

Gordon Roy Parker
4247 Locust Street, #119
Philadelphia, PA  19104
(215) 754-5487

**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GORDON ROY PARKER**, d/b/a<br>Snodgrass Publishing Group,<br><br>Plaintiff<br>v.<br><br>**Samuel H. Sloan et al,**<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CASE NO.: 08-829-JCJ** |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff Gordon Roy Parker, in the above-styled action, submits this Motion To Compel Discovery of Defendants Truong and Polgar.

Plaintiff incorporates by reference the concurrently filed Motion For Change Of Venue, Opposition To Motion For Protective Order, and his Conslidated Memorandum in support of same.

This the 12th day of November, 2009

Gordon Roy Parker
4247 Locust Street, #119
Philadelphia, PA  19104
(215) 754-5487

**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GORDON ROY PARKER**, d/b/a<br>Snodgrass Publishing Group, | : | |
| | : | |
| | : | |
| Plaintiff | : | **CASE NO.: 08-829-JCJ** |
| v. | : | |
| | : | |
| **Samuel H. Sloan et al,** | : | |
| | : | |
| Defendants | : | |

**CONSOLIDATED MEMORANDUM**

Plaintiff submits this Consolidated Memorandum in support of his Opposition To Defendants' Motion For A Protective Order, Motion For Change of Venue, and Motion To Compel Discovery.

## I.    BACKGROUND

In response to Plaintiff's requests for jurisdictional discovery, Defendants Truong and Polgar have filed blanket, garden-variety objections to Plaintiff's attempts to establish jurisdiction in this case. All attempts at concurrence, pursuant to Local Rule 7.1(b), have proven futile, due to lack of binding precedent, wide judicial discretion, and differing views on the scope of jurisdictional discovery, particularly as it pertains to establishing federal jurisdiction in another venue, in this case New York, where both Defendants were still official residents of the state at the time of the acts in controversy in this lawsuit, and where both have not only minimum contacts, but ***ongoing,*** substantial contact with that forum state. What scant precedent exists regarding jurisdictional discovery is clouded by the trinomial nature of establishing jurisdiction in this case.

## II.    LEGAL STANDARD

The unique facts of this case, extreme judicial discretion, on what is essentially an issue of first impression (jurisdictional discovery), as well as the ultimate outcome of the instant motions having little more than procedural impact on this case, behoove the Plaintiff to leave it to this court to apply its own standard, in accordance with general discovery and jurisdictional precedent. To this extent, Plaintiff has attached, as his Exhibit A (on disk, 88 pages), the research article ***Jurisdictional Discovery In United States Federal Courts***, by S.I. Strong.[1] As

---

[1] Ph.D. (law), University of Cambridge (U.K.); D.Phil., University of Oxford (U.K.); J.D., Duke University; M.P.W., University of Southern California; B.A., University of California, Davis. The author, who is admitted to practice as an attorney in New York and Illinois and as a solicitor in England and Wales, is Associate Professor of Law at the University of Missouri and Senior Fellow at the Center for the Study of Dispute Resolution.

plaintiff is a *pro se* litigant, who would have gone to law school had he wished to research legal issues in this fashion, yet who appreciates the need for sound citation authority, he has found this treatment of jurisdictional discovery relevant to the underlying issues of all three instant motions, including the two related to outstanding discovery, and the third, for change of venue.  Even if all three motions are decided in favor of the Defendants, Plaintiff can simply refile in another venue, under the doctrine of wrong-forum estoppel.

## II.  <u>ARGUMENT</u>

**A.  <u>Liberal Scope Of Jurisdictional Discovery Should Be Applied (The Motion For A Protective Order Should Be Denied, And The Motion To Compel Discovery Should Be Granted.</u>**

The instant action against this pair of properly-served Defendants has already survived motions to dismiss the defamation and civil-conspiracy claims.  It is, therefore, a "live" case, over which the federal court system has subject-matter jurisdiction.  What it needs is a **home**, a place to be heard.  That proper home is likely to be in this venue, the Southern District of New York, or in Lubbock, Texas.  The jurisdictional discovery in controversy was therefore designed to resolve **all** jurisdictional issues, not just those which relate to Pennsylvania, since the case's right to exist in the federal system has already been established.  Once a new jurisdiction is found (should this one not be proper), the case will proceed to a regular status conference, discovery conference, and pretrial scheduling order, with regular discovery allowed as a part of this.

**B.  <u>Full Pennsylvania Discovery Should Be Compelled.</u>**

All discovery requests relating to Pennsylvania jurisdiction were properly designed to lead to the discovery of relevant facts, mostly relating to financial ties to the Commonwealth.  The request for admissions regarding the internet-imposter postings is relevant to establishing long-arm jurisdiction, as many of the postings which are not actionable under

civil law are, nonetheless, criminal (harassment) offenses which fall under Pennsylvania's long-arm statute, and through which jurisdiction can be applied through Federal Rule of Civil Procedure 4(k)(1)(A).

To the extent Defendants claim any information is privileged, this court should order it produced in-camera, and redact seal, or exclude it.

To the extent this Court elects to sanction Defendants for noncompliance, or evasive answer, the response most favorable to Plaintiff and Pennsylvania jurisdiction should be sanctioned.

C.    **New York Discovery Should Be Compelled, or ruled to already exist.**

In the event this court were to disallow discovery into jurisdiction in New York, Plaintiff would simply refile the case in the Southern District of New York, where jurisdiction may already exist, since:

1.    Both Defendants lived for more than 180 days in New York State in 2007, and

2.    Under the doctrine of wrong-forum estoppel, a refiling of the case in New York would "relate back" to date this case was filed (February 2008), with many postings in controversy dating back at least one year, to February 2007, when Defendants were both residents of New York.

3.    Defendants are both board members of the Susan Polgar Foundation, which is headquartered in Queens, New York.

4.    Defendant Polgar has ongoing involvement with the Family Court of New York, secondary to her custody agreement with her ex-husband, the father of her three children.

3

     5.     Other jurisdictional discovery relating to New York should either be deemed admitted (for jurisdiction), or compelled.

## <u>CONCLUSION</u>

This case will land somewhere in the federal system.  This court has broad discretion to determine where.  To the extent this court does not claim Pennsylvania jurisdiction, it has the discretion to compel jurisdictional discovery relating to New York, or, since the case has survived a 12(b)(6) motion, to allow it as expedited discovery, to properly determine venue, without the added burden to both parties of having o refile and begin the case from scratch, which will be done anyway in New York, should it be dismissed here for lack of jurisdiction.

This the 12th day of November, 2009

Gordon Roy Parker
4247 Locust Street, #119
Philadelphia, PA  19104
(215) 754-5487

(215) 764-5487

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GORDON ROY PARKER**, d/b/a<br>Snodgrass Publishing Group,<br><br>                                                    Plaintiff<br><br>                    v.<br><br>**Samuel H. Sloan et al,**<br><br>                                                    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CASE NO.: 08-829-JCJ** |

## <u>ORDER</u>

        AND NOW, this ___ day of _____ 2009, in consideration of the

outstanding motions, the following is ORDERED:

        1.        Defendants Truong and Polgar's Motion For A Protective Order is <u>denied</u>.

        2.        Plaintiff's Motion To Compel Discovery is <u>granted</u>.

        3.        Plaintiff's Motion For Change Of Venue is <u>denied as moot</u>.

        SO ORDERED.


                                        _____
                                        J.

## IN THE UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER**, d/b/a Snodgrass Publishing Group,<br><br>                                    Plaintiff<br>                         v.<br><br>**Samuel H. Sloan et al,**<br><br>                                    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CASE NO.:**<br>**08-cv-829-JLJ** |

### <u>CERTIFICATE OF SERVICE</u>

I, Gordon Roy Parker, <u>Plaintiff</u> in the above-styled action, hereby certify that I

have served a true and correct copy of the foregoing **Plaintiff's Opposition To Defendant**

**Truong And Polgar's Motion Motion For A Protective Order, Plaintiff's Motion For**

**Change Of Venue**,  and **Plaintiff's Motion To Compel Discovery,** by <u>hand delivery</u> as follows:

> William T.. Salzer, Esq
> Swartz Campbell, LC
> Two Liberty Place, 28th Fl. 50 South 16ft Street
> Philadelphia, PA 19102
> ttorneys for Truong/Polgar

This the 12th day of November, 2009

Gordon Roy Parker
4247 Locust Street, #119
Philadelphia, PA  19104
(215) 754-5487