IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, d/b/a Snodgrass Publishing Group, | : | |
|---|---|---|
| Plaintiff | : | CASE NO.: 08-829-JCJ |
| v. | : | |
| Samuel H. Sloan et al, | : | |
| Defendants | : | |

## PLAINTNIFF'S MOTION FOR RECONSIDERATION

Plaintiff **Gordon Roy Parker**, in the above-styled action, moves this court for reconsideration of its orders of November 16, 2009 denying change of venue, granting Defendants' Truong and Polgar's motion for a protective order, and denying Plaintiff's motion to compel.

A Consolidated Memorandum has concurrently been filed, in which supporting arguments are referenced, verbatim, as if fully stated herein.

WHEREFORE, Plaintiff seeks reconsideration of the above-referenced orders.

This the 30th day of November, 2009.

_____
Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA  19104

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, d/b/a Snodgrass Publishing Group, Plaintiff v. Samuel H. Sloan et al, Defendants | : : : : : : : : : : | CASE NO.: 08-829-JCJ |

## PLAINTNIFF'S OPPOSITION TO DEFENDANTS TRUONG AND POLGAR'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Plaintiff **Gordon Roy Parker** submits this opposition to the instant motion.

A Consolidated Memorandum has been concurrently filed, and is incorporated by reference, as if fully stated verbatim herein.

This the 30th day of November, 2009.

*[signature]*

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA  19104
(215) 764-5487

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, d/b/a Snodgrass Publishing Group,<br><br>Plaintiff<br>v.<br>Samuel H. Sloan et al,<br>Defendants | : : : : : : : : : : | CASE NO.: 08-829-JCJ |

## CONSOLIDATED MEMORANDUM IN SUPPORT OF PLAINTNIFF'S OPPOSITION TO DEFENDANTS TRUONG AND POLGAR'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, AND FOR PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff **Gordon Roy Parker** submits this Consolidated Memorandum, in support of the above-referenced pleadings.

### I. BACKGROUND

This timely-filed case originally included civil-conspiracy allegations against multiple Defendants over whom this Court has personal jurisdiction (Goichberg, USCF, CCA). Those defendants were dismissed, leaving Truong and Polgar as the remaining active parties. They have now moved to dismiss for lack of personal jurisdiction. As a means of resolving the jurisdictional dispute, Plaintiff has moved the court for change of venue to New York, or to Lubbock, Texas. The latter is where defendants are employed and reside. As subject-matter jurisdiction has already been established, change of venue to Lubbock is the proper resolution of this issue, in the event the court finds a lack of jurisdiction in Pennsylvania, which Plaintiff argues it should not.

Plaintiff, after enduring two years of being impersonated online while being taunted to "catch [Defendants] if he can," wound up the beneficiary of the fruits of the labor of other victims of the conduct at issue in this litigation, yet has had to endure

another two years of attempts to dismiss this case on procedure rather than merit, while xxpending several hundred dollars in costs, including multiple attempts to serve Defendants. At most, this Court should move the case to a proper venue, rather than dismissing it, and then having issues of estoppel raised in the new venue. Regardless, the reasons for keeping the case here are compelling, and should render the other arguments moot.

## II.  LEGAL STANDARD

### A. Minimum Contacts.

At issue here are whether or not the Defendants have met the "minimum contacts" requirement for long-arm jurisdiction. Defendant Polgar mentioned playing in one chess tournament here, and chess is her primary business, which would appear to satisfy the commerce requirement. Defendants have yet to provide the limited discovery regarding their commercial contacts with Pennsylvania; Plaintiff will supplement the record to the extent they do.

### B. "Purposely Directed" or "Expressly Targeted" Remarks.

As Defendants noted in their memorandum, to establish jurisdiction in a defamation action against an out-of-state defendant, the remarks must be "expressly targeted" or "purposely directed" at residents of the Commonwealth.

## III.  ARGUMENT

### A. Change of Venue To Lubbock Is Proper

In the alternative to finding jurisdiction in Pennsylvania, Plaintiff has urged this Court to reconsider his Motion For Change of Venue, and to change venue to Lubbock, Texas, where Defendants have no grounds to object to jurisdiction. The

2

case has already survived a motion to dismiss, and was timely filed in the correct, federal (diversity) jurisdiction. The circumstances of this case support change of venue over any dismissal for lack of jurisdiction.

### B. Impersonation Of Plaintiff Establishes Long-Arm Jurisdiction Because Remarks Were "Purposely Directed" To Plaintiff, And Constituted Harassment.

Were this "normal" defamation, where Defendants had merely lied about Plaintiff, a case could be made that the remarks did not involve the Commonwealth, but the remarks in controversy in this lawsuit *targeted* Plaintiff in every sense of the word, by literally stealing his intellectual property, namely his *right to publicity*, each time they impersonated him, no differently than if they had infringed upon his copyright by lifting a work off a server computer in the Commonwealth.

As the "course of conduct," which included threatening third parties, some in Pennsylvania, with the goal of inciting them against Plaintiff, he was further "expressly targeted," in the spirit of the defamation precedent. The proper loss of "home court" for those who choose to impersonate others would serve as a strong deterrent against such conduct, while avoiding the undue burden on the *targeted*, to have to chase down one or more imposters all over the United States, if not the globe.

This Court should further note that existing defamation precedent was established prior to the emergence of search engines, which greatly amplify any damage caused by defamation, and which "serve it up" to those in a target's everyday life, such as an employer, friend, or neighbor. To the extent the statements alleged are libelous per se, search-engine damage in Pennsylvania can be presumed. Indeed, until *some* court actually begins hearing defamation cases filed by Plaintiff, the actionable conduct will

continue unabated, as it has for the past decade, often with "newbies" suckered into targeting Plaintiff due to a perception that he lacks rights, or the ability to defend them.

### IV. CONCLUSION

For the reasons averred hereinabove, Defendants' motion to dismiss for lack of personal jurisdiction should be **denied.** An appropriate form of order is attached.

This the 30th day of November, 2009.

*[signature]*

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA  19104
(215) 764-5487

Clerk Copy

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, d/b/a Snodgrass Publishing Group, Plaintiff v. Samuel H. Sloan et al, Defendants | CASE NO.: 08-829-JCJ |
|---|---|

### CERTIFICATE OF SERVICE

I, Gordon Roy Parker, **Plaintiff** in the above-styled action, hereby certify that I have served a true and correct copy of **Plaintiff's Opposition To Defendants' Motion To Dismiss For Lack Of Personal Jurisdiction, Plaitniffs' Motion For Reconsideration**, and **Plaintiff's Consolidated Memorandum In Support** on Defendants' counsel, as follows:

> William T. Salzer, Esquire
>
> Swartz Campbell Detweiler
> 50 South 16th Street, 28th Floor
> Philadelphia, PA 19102-2519

This the 30th day of November, 2009.

_____
Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(215) 764-5487

09 NOV 30 PM 6:10 USDC-EDPA RECD

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, d/b/a Snodgrass Publishing Group, Plaintiff v. Samuel H. Sloan et al, Defendants | : : : : : : : : : : | CASE NO.: 08-829-JCJ |
|---|---|---|

## ORDER

AND NOW, this ___ day of November, 2008, in consideration of Defendants' **Motion To Dismiss For Lack Of Personal Jurisdiction**, the motion is DENIED.

_____
J.