GORDON ROY PARKER, a/k/a "Ray Gordon",
a/k/a "Ray Gordon, Creator of the Pivot," d/b/a
Snodgrass Publishing Group,

                                                Plaintiff     CIVIL ACTION

vs.

                                                            NO. 08-00829

SAMUEL H. SLOAN, WILLIAM
GOICHBERG, CONTINENTAL CHESS
ASSOCIATION, PAUL TRUONG, SUSAN
POLGAR, SUSAN POLGAR FOUNDATION,
UNITED STATES CHESS FEDERATION
AND JOEL CHANNING,

                                               Defendants.

## **ORDER**

AND NOW, this _____ day of _____, 2009, upon consideration of Plaintiff's Motion for Reconsideration, IT IS HEREBY ORDERED AND DECREED that said motion is DENIED. IT IS FURTHER ORDERED that the plaintiff's Amended Complaint is DISMISSED against defendants, Paul Truong and Susan Polgar for lack of personal jurisdiction over defendants.

                                                  BY THE COURT:

                                                  _____

                                                  Honorable Curtis J. Joyner, J.

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

**SWARTZ CAMPBELL LLC**
BY:  William T. Salzer, Esquire
Identification No. 42657
Two Liberty Place- 28th Floor
50 South 16th Street
Philadelphia, PA 19102
(215) 564-5190

Attorney for Defendants,
Paul Truong and Susan Polgar

GORDON ROY PARKER, a/k/a "Ray Gordon",
a/k/a "Ray Gordon, Creator of the Pivot," d/b/a
Snodgrass Publishing Group,

                       Plaintiff

vs.

SAMUEL H. SLOAN, WILLIAM
GOICHBERG, CONTINENTAL CHESS
ASSOCIATION, PAUL TRUONG, SUSAN
POLGAR, SUSAN POLGAR FOUNDATION,
UNITED STATES CHESS FEDERATION
AND JOEL CHANNING,

                       Defendants.

CIVIL ACTION

NO. 08-00829

## MEMORANDUM OF LAW OF DEFENDANTS PAUL TRUONG AND SUSAN POLGAR IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

**I.     INTRODUCTION**

Defendants, Paul Truong and Susan Polgar, by their undersigned counsel, hereby submit this Memorandum of Law in opposition to Plaintiff's Motion for Reconsideration.

On September 28, 2009, the Court granted the plaintiff forty-five (45) days to engage in jurisdictional discovery in order to address the issue of whether this Court has personal jurisdiction over moving defendants. Plaintiff served upon the defendants, Paul Truong and Susan Polgar, jurisdictional discovery which sought information pertaining to not only the

defendants' contacts with the forum state, Pennsylvania, but also the defendants' contacts with other jurisdictions including New York. Defendants answered plaintiff's discovery, attesting to the fact that neither individual has conducted business in Pennsylvania and with the exception of Polgar's attendance at a chess exhibition in Pennsylvania, have had no contact with Pennsylvania. See Exhibits C and D to Defendants' Motion to Dismiss. The court granted defendants' Motion for Protective Order seeking to limit the scope of the requested discovery to address the defendant's contacts with Pennsylvania and further ordered defendants to provide the relevant tax return, redacted so as to provide only defendants' address. Defendants have furnished plaintiff with a redacted federal income tax return which identifies plaintiffs' Texas address. Discovery is, therefore, closed and the matter is ripe for disposition on defendants' motion to dismiss.

In opposition to defendants' Motion to Dismiss for Lack of Personal Jurisdiction, plaintiff sought to continue the case in this court or alternatively sought a transfer of the litigation to the United States District Court for the Southern District of New York or to the United States District Court for the Northern District of Texas, situated in Lubbock, Texas. In response to the Court's denial of the plaintiff's motion for change of venue, plaintiff has filed a motion for reconsideration in which it appears that he concedes that transfer to New York is not appropriate and now seeks a transfer of the litigation to Lubbock, Texas in lieu of dismissal. [1]

---

[1] While it appears from plaintiff's motion for reconsideration that he has abandoned his request to seek transfer of the litigation to New York, jurisdiction under the New York Long-Arm statute is appropriate only where the causes of action arise from the defendant's contacts with New York. Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 763-64 (2d Cir. 1983). In this matter, the plaintiff contends that this Court has personal jurisdiction over the defendants based upon allegations concerning alleged defamatory electronic postings on chess-related web sites. These contentions do not satisfy the requirements of the New York Long-Arm statute. Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007) (holding that alleged defamatory Internet posting, which may be read in New York State, do not establish personal jurisdiction

2

The plaintiff has not set forth any new facts which would establish jurisdiction in Pennsylvania. He references the fact that Polgar (not Truong) played in a chess exhibition in Pennsylvania, conceding by his silence that this event has no factual connection to the claims in this litigation. Plaintiff proffers no evidence in rebuttal to the defendants' affidavits that they do not conduct business in Pennsylvania and have no contacts with the state. Plaintiff, in his Amended Complaint, references a series of alleged defamatory postings by an imposter using his name and that of other persons on an USENET Internet site, www. rec.games. chess.politics [2]. He now argues that he was "targeted" in these postings; however, he provides no evidence from which the court could conclude that the postings which are accessible to anyone that visits this Internet site were directed to have been read by Pennsylvania residents.

## II. LEGAL ARGUMENT

### A. PLAINTIFF PROFFERS NO BASIS TO ESTABLISH PERSONAL JURISDICTION IN PENNSYLVANIA

Plaintiff has proffered no factual basis on which to establish that the posting of a defamatory statement on an Internet-based newsgroup site accessible to anyone with access to a computer is sufficient to demonstrate that the publication was targeted towards Pennsylvania residents. As in Gorman v. Jacobs, 597 F. Supp. 2d 541 (E.D. Pa. 2009), the posting of an allegedly defamatory statement on a website news forum which was accessible from any location, was insufficient to establish personal jurisdiction over the defendant in

---

over a non-resident defendant). To the extent that there are allegations that the postings occurred while the defendants were located within the state, the Long-Arm statute exempts from jurisdiction tort causes of action based upon defamation. See Best Van Lines, supra.; and C.P.L.R. §302(a)(2).

[2] See Plaintiff's Amended Complaint, paragraphs 13, 40, 44.

3

Pennsylvania where the defendant's activities were not focused to reach a Pennsylvania audience. The mere posting of information on a website does not confer nationwide personal jurisdiction. *Id.* at 548. *See also* Toys-R-Us, Inc. v. Step II S.A., 318 F. 3d 446, 445 (3d Cir. 2003) (posting on website does not satisfy "purposeful availment" criteria of minimum contacts analysis).

The fact that the posting referenced plaintiff is immaterial to whether the publication was intended for a Pennsylvania audience. As plaintiff has not come forward with any other basis on which to premise personal jurisdiction over movants in Pennsylvania, the only extant issue is whether the case should be dismissed or transferred, as now requested, to Lubbock, Texas.

### B. CASE SHOULD BE DISMISSED IN LIEU OF TRANSFERRED TO TEXAS

Where a transfer of the litigation to another forum is sought for the convenience of the parties and witnesses, a district court may transfer the case to any other district or division where the case might have been brought. 28 U.S.C.A. §1404 (a). By comparison, the district court in a case in which venue cannot be had, *shall dismiss* [the case], or "if in the interest of justice," transfer the civil action to a district in which the case could have been brought. 28 U.S.C.A. §1406(a). The court's power to effectuate a transfer is not effected by lack of personal jurisdiction over the defendant. See Goldlawr, Inc. v. Heman, 369 U.S. 463, 466 (1962); Lafferty v. St. Reil, 495 F.3d 72, 79-80 (3d Cir. 2007). *See also* 28 U.S.C. 1631.

In order to determine whether transfer is "in the interest of justice", courts evaluate whether the plaintiff brought the action in the wrong district: (1) for an improper purpose; (2) to harass the defendant by forcing them to litigate in a remote forum; or (3) blatant forum shopping. See 17 *Moore's Federal Practice*, §111.43[3] (Matthew Bender 3d ed). Courts have

opted for dismissal where the plaintiff's mistake regarding the existence of jurisdiction in the chosen forum was obvious or foreseeable. Id. Indeed, some courts have even applied this rule to cases brought by *pro se* plaintiffs. See Way v. Barr, 1995 WL 354273 (D.Md. 1995).

In Way, the *pro se* plaintiff brought several suits in both state and federal forums throughout Maryland all generally arising from the same set of circumstances. The plaintiff failed to establish personal jurisdiction and accordingly, sought to transfer venue pursuant to 28 U.S.C.A. §1406(a). The court denied plaintiff's request for transfer and dismissed the case. In so doing, the court held that the negative implication of the Supreme Court's holding in Goldlawr is that when a plaintiff files in the wrong jurisdiction because of an obvious error, transfer is inappropriate, and a district court does not abuse its discretion when it chooses to dismiss the plaintiff's action as not "in the interests of justice". The court reasoned that it had already determined that there were no minimum contacts within the state of Maryland even a *pro se* plaintiff should have known that there was no personal jurisdiction.

The courts of the Third Circuit have opted to dismiss in lieu of transfer where the plaintiff filed multiple suits in a various jurisdictions. In Bell v. U.S., 2008 WL 698985 (W.D.Pa. 2008), the court held that the action of the plaintiff, a prisoner who had filed a petition for habeas corpus in several jurisdictions, should be dismissed because of the plaintiff's abusive filing patterns. Likewise, in Poe v. Kuyk, 448 F.Supp.1231 (D. Del. 1978), aff'd without opinion, 591 F.2d 1336 (3d Cir. 1970), the district court refused to transfer the plaintiff's action to a forum where venue was proper. In this regard, the court noted that a transfer would exacerbate the active forum shopping which had already

5

occurred, and thus, would not be in the interest of justice. In Poe, the plaintiff had filed a similar lawsuit against the identical defendants in another jurisdiction seeking the same relief under a different theory of recovery.

Courts have even opted for dismissal where doing so would cause the statute of limitations to run on the plaintiff's claim, and in effect bar the claim. See 17 *Moore's Federal Practice*, §111.43[4] (Matthew Bender 3d ed); citing, Hapaniewski v. City of Chicago Heights, 883 F.2d 576, 580 (7th Cir. 1989), *cert. denied*, 493 U.S. 1071 (1990).

In this matter, transfer is not in the interests of justice. The plaintiff was aware at the time of the commencement of the lawsuit that the defendants were residents of Texas. *See* Complaint, paragraph 5. Plaintiff's proffer of a basis for personal jurisdiction against the movants in Pennsylvania was initially predicated on the contention that the United States Chess Federation circulated Chess Life on a national basis (Complaint, paragraph 11) or that the defendants were participants in a racketeering enterprise and subject to nationwide jurisdiction under RICO. Plaintiff alleged that personal jurisdiction could be obtained over the so-called "House of Truong" and the Susan Polgar Foundation through their individual activities and through the Foundation to solicit business, through their service on the Federation's board of directors and by reason of a chess tournament in Philadelphia. *See* Complaint, paragraph 13. In Parker's August 8, 2008 opposition to the motion to dismiss, he stated that "defendants Truong/Polgar sell chess instructional materials or solicit chess instruction business from to residents of the Commonwealth". See Parker's Consolidated Memorandum in Support of Opposition to Defendants' Motion to Dismiss, p. 8.

6

Parker now argues that "Polgar mentioned playing in one chess tournament here, and chess is her primary business, which would appear to satisfy the commerce requirement". Parker proffered no evidence of the individual activities of Truong and Polgar in Pennsylvania to which he referred in his Complaint and his brief other than Polgar's attendance at a Philadelphia chess tournament. Parker lumped Truong and Polgar together with the Chess Federation for no apparent reason. In short, Parker has played "fast and loose" with his averments, imposing on defendants to cost to refute his baseless contentions for the prosecution of this lawsuit in this forum.

As is reflected by Parker's serial filings of lawsuits spanning many years against the likes of Google, the University of Pennsylvania, and others[3], he is no stranger to the judicial system and the dictates of establishing a basis for jurisdiction. No factual basis existed for his contention that Polgar or Truong personally engaged in any business in Pennsylvania that would rise to the level of continuous and systematic contacts with the state sufficient to give rise to a basis for personal jurisdiction. Further, the law was well established at the time of the filing of the lawsuit, that a publication of a defamatory statement accessible on the Internet did not subject the defendant to nationwide jurisdiction even where the plaintiff resides in the forum. See Defendant's Motion to Dismiss.

The absence of a basis to sue Truong and Polgar in Pennsylvania based on the alleged injury described in the Complaint was patent. Absent any basis on which Parker could reasonably claim to have mistakenly believed that jurisdiction could be obtained in

---

[3] See Parker v. Google, Inc., 422 F. Supp. 2d 492 (E.D. Pa. 2006), aff'd, 242 Fed. Appx. 833 (3d Cir. 2007); Parker v. Univ. of Pennsylvania, Case No. 02-00567 (E.D. Pa.); Parker v. Learn the Sills Corp., 2004 U.S. Dist. LEXIS 21499 (E.D. Pa. 2004); Parker v. Wintermute, Case No. 02-CV-7215 (E.D. Pa.)

Pennsylvania, defendants submit that the action should be dismissed and not transferred to Texas in the interests of justice.

### III. CONCLUSION

The plaintiff commenced this action in the United States District Court for the Eastern District of Pennsylvania without a basis on which to obtain personal jurisdiction over Susan Polgar or Paul Truong. Defendants request that the action be dismissed and that transfer to the United States District Court for the Northern District of Texas be denied.

        SWARTZ CAMPBELL LLC

        s/William T. Salzer
        William T. Salzer
        Attorneys for Defendants,
        Paul Truong and Susan Polgar

IN UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SWARTZ CAMPBELL LLC**<br>BY: William T. Salzer, Esquire<br>Identification No. 42657<br>Two Liberty Place- 28th Floor<br>50 South 16th Street<br>Philadelphia, PA 19102<br>(215) 564-5190 | **Attorney for** Defendants,<br>Paul Truong and Susan Polgar |
| GORDON ROY PARKER, a/k/a "Ray Gordon", a/k/a "Ray Gordon, Creator of the Pivot," d/b/a Snodgrass Publishing Group,<br><br>                                  Plaintiff<br>vs.<br><br>SAMUEL H. SLOAN, WILLIAM GOICHBERG, CONTINENTAL CHESS ASSOCIATION, PAUL TRUONG, SUSAN POLGAR, SUSAN POLGAR FOUNDATION, UNITED STATES CHESS FEDERATION AND JOEL CHANNING,<br><br>                                  Defendants. | CIVIL ACTION<br><br>NO. 08-00829 |

## CERTIFICATE OF SERVICE

William T. Salzer, Esquire, hereby certifies that a true and correct copy of the attached Opposition of Defendants, Paul Truong and Susan Polgar to Plaintiff's Motion for Change of Venue, was served upon all interested parties, by United States Mail, first class, postage prepaid on December 7, 2009.

Gordon Roy Parker
4247 Locust Street
Apartment 119
Philadelphia, PA 19104

                                                SWARTZ CAMPBELL LLC


                                                _____
                                                William T. Salzer
                                                Attorneys for Defendants,
                                                Paul Truong and Susan Polgar

DATE:      December 7, 2009