# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
GORDON ROY PARKER, a/k/a          : CIVIL ACTION
"Ray Gordon, Creator of the       :
Pivot," d/b/a Snodgrass           :
Publishing Group                  : NO. 08-CV-829
                                  :
        vs.                       :
                                  :
PAUL TRUONG and SUSAN POLGAR      :
```

## ORDER

AND NOW, this  9th  day of December, 2009, upon consideration of Plaintiff's Motion for Reconsideration (Doc. No. 65) of this Court's Order of November 16, 2009, it is hereby ORDERED that the Motion is DENIED.[1]

---

[1] The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985); Frederick v. Southeastern Pennsylvania Transportation Authority, 926 F. Supp. 63, 64 (E.D.Pa. 1996). A party filing a motion to reconsider must rely on at least one of the following grounds: (1) the availability of new evidence that was not available when the court first decided the motion; (2) an intervening change in the controlling law; or (3) the need to correct an error of law or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); Hartford Fire Insurance Company v. Huls America, Inc., 921 F. Supp. 278, 279 (E.D.Pa. 1995); Prousi v. Cruisers Division of KCS International, Inc., 1997 WL 793000 (E.D.Pa. 1991) at *3. Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration. Harsco, supra, citing DeLong Corp. v. Raymond International, Inc., 622 F.2d 1135, 1139-40 (3rd Cir. 1980). See Also: North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3rd Cir. 1995). In the absence of one of these three grounds, it is improper for a party moving for reconsideration "to ask the Court to re-think what it has already thought through–rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D.Pa. 1993).

Here, the plaintiff is merely re-arguing the very same points which he asserted in response to the defendant's motion for protective order and in support of his original motion to compel discovery underlying the November 16, 2009 order. Given that we have already carefully considered and ruled upon these arguments and in the absence of any showing of newly discovered evidence or intervening change in controlling law, the motion for reconsideration is denied with respect to our previous ruling on the defendant's motion for protective order and plaintiff's cross-motion to compel.

BY THE COURT:


s/J. Curtis Joyner
J. CURTIS JOYNER,         J.

---

    As for the request to reconsider our disposition of the plaintiff's previous motion for change of venue, we are terribly confused. Specifically, that motion, filed on November 12, 2009 read:

> Plaintiff Gordon Roy Parker, in the above-styled action, submits this Motion for Change of Venue, in the following order of preference:
>
> 1. Retention of venue in Pennsylvania, in which case this motion should be denied as moot.
>
> 2. Change of venue to the Southern District of New York.
>
> ...

The proposed order submitted with his motion for change of venue provided in pertinent part that "Plaintiff's Motion for Change of Venue is denied as moot." By this motion for reconsideration, Mr. Parker now asks that "[i]n the alternative to finding jurisdiction in Pennsylvania, Plaintiff has urged this Court to reconsider his Motion for Change of Venue, and to change venue to Lubbock, Texas, where Defendants have no grounds to object to jurisdiction." While we recognize that as an alternative to dismissal, a district court may transfer an action to a district court that has personal jurisdiction over the defendant [See, Highmark v. Allied Health Management Systems, Inc., 304 F. supp. 2d 663, 667 (W.D. Pa. 2003)], we frankly can not tell to which district transfer would be appropriate nor do we find a motion for reconsideration to be the appropriate vehicle to grant the relief which plaintiff appears to now for the first time, be seeking. For these reasons, we are constrained to deny the motion to reconsider in its entirety.