IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
GORDON ROY PARKER, a/k/a         : CIVIL ACTION
"Ray Gordon, Creator of the      :
Pivot," d/b/a Snodgrass          :
Publishing Group                 : NO. 08-CV-829
                                 :
        vs.                      :
                                 :
PAUL TRUONG and SUSAN POLGAR     :
```

**ORDER**

AND NOW, this    11th    day of December, 2009, upon consideration of the Motion to Dismiss Complaint on Behalf of Defendants Paul Truong and Susan Polgar (Doc. No. 62) and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is GRANTED and Plaintiff's Amended Complaint is DISMISSED as against the moving defendants.[1]

---

[1] Defendants here renew their motion to dismiss the plaintiff's amended complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction. D'Jamoos, as Executor of Estate of Weinferoff v. Pilatus Aircraft, 566 F.3d 94, 102 (3d Cir. 2009). The burden of establishing the facts that establish personal jurisdiction falls on the plaintiff and once a defendant has raised a jurisdictional defense, the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper; it may not rely on the pleadings alone. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009); Wolk v. Teledyne Industries, 475 F. Supp. 2d 491, 501 (E. D. Pa. 2007).

In his Amended Complaint, the plaintiff alleges that "Defendants Paul Truong and Susan Polgar are married, and now domiciled and reside in Texas and are employed by Texas Tech University at the address listed for them in the caption;" and that "[b]oth defendants are members of the Executive Board of Directors ... of Defendant USCF." (Am. Compl., ¶3). Plaintiff further alleges that this Court has jurisdiction over the defendants by virtue of ... "Defendant USCF's (and by extension its Board's) minimum contacts with and business conducted in the Commonwealth, and Pennsylvania's long-arm statute." (Am. Compl., ¶7). Defendants have attached affidavits to their motion to dismiss which reflect that they have only communicated with counsel in Pennsylvania relative to this litigation and that Ms. Polgar attended several

BY THE COURT:


s/J. Curtis Joyner
J. CURTIS JOYNER,            J.

---

chess events in Pennsylvania over the last several years.  Both defendants attest that they are current residents and domiciliaries of the State of Texas and that while they have authored various articles on chess for a variety of publications, those publications are offered for sale online and they do not specifically target Pennsylvania residents.  The plaintiff, for his part, has proffered no evidence which would discredit the plaintiffs' answers to interrogatories or their affidavits.  Accordingly, we conclude that this Court does not possess the requisite personal jurisdiction over Ms. Polgar and Mr. Truong.

   We are compelled, however, to also consider whether transfer of this case would be appropriate to the U.S. District Court for the Northern District of Texas.  Indeed, 28 U.S.C. §1631 provides the following:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it was transferred.

In so doing, we do not believe it is in the interest of justice to transfer this case. This case has consumed an inordinate amount of time and judicial resources already and until very recently, the plaintiff appeared resistant to a previous attempt to move it to the Northern District of Texas, where there was another, related action pending at that time.  It appears that that action has since been dismissed.  We further note that Mr. Parker has filed repeated motions over the course of the last year to take jurisdictional discovery, all of which have been granted.  Despite the passage of so much time, he has amassed virtually no evidence to support his claim that the plaintiffs have sufficient minimum contacts with Pennsylvania such that the exercise of personal jurisdiction by this Court is appropriate.  Consequently and given the relative weakness of the plaintiff's remaining defamation and civil conspiracy claims, we find that the interests of judicial economy and justice are best served by now dismissing this action in its entirety.  See, e.g., Chandler v. Commander, Army Finance & Accounting Center, 863 F.2d 13, 15 (5th Cir. 1989); Williams v. Ponder, 2009 U.S. Dist. LEXIS 91615 *18 (E. D. Pa. Sept. 30, 2009); Torres-Vargas v. United States, 2008 U.S. Dist. LEXIS 85580 *12-*13 (S.D. Tex. Oct. 23, 2008); Rodriguez v. Bush, 367 F. Supp. 2d 765, 772 (E. D. Pa. 2005); AT, Inc. v. United States, 24 F. Supp. 2d 399, 400, n.2 (M.D. Pa. 1998).